# IN THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIANNE SAWICKI, | DOCKET NO.: 2:25-cv-04884-GJP |
| Plaintiff, | CIVIL DIVISION |
| vs. | Honorable Gerald J. Pappert |
| RICHARD A. WILSON, CHRISTOPHER B. WENCKER, GEORGE N. ZANIC, DAVID G. SMITH, ANGELA ROBINSON, LORI HEATON, GLORIA R. AMMONS, and SHOHIN H. VANCE, | ELECTRONICALLY FILED |

**Brief in Support of the Motion to Dismiss the Plaintiff's Complaint**

**Mary Lou Maierhofer, Esquire**
 P.A. I.D. No.  62175

Attorney for Defendants:

*Christopher B. Wencker, David G. Smith, and Lori Heaton*


mmaierhofer@margolisedelstein.com
**MARGOLIS EDELSTEIN**
P.O. Box 628
Hollidaysburg, PA  16648
(814) 695-5064
Fax: (814) 695-5066

# TABLE OF CONTENTS

Table of Exhibits…………………………………………………………………ii
Table of Authorities........................................................................................iii

I.    Statement of the Case..................................................................1
II.   Summary of the Argument..........................................................1
III.  Standards......................................................................................2
      A.   Standard of Review for Granting a 12(b)(6) Motion to
           Dismiss..............................................................................2
      B.   Standard for a Civil Rights Claim............................................3
      C.   Consideration of Documents Attached to the Motion……......4
      D.   Pro Se……………………………………………………….5
IV.   Arguments.....................................................................................6
      A.   Collateral Estoppel-Res Judicate…………………………….6
           1.   Collateral Estoppel…………………………………….6
           2.   Res Judicata……………………………………………7
                a.   Sawicki I……………………………………….7
                b.   Disciplinary Findings…………………………8
      B.   Statute of Limitations ………....................................................9
      C.   Immunities……………………………………………………12
           1.   Pa. Rules of Professional Conduct and Pa. Rules
                of Disciplinary Enforcement…………………………12
           2.   Quasi- Judicial..………………………………………13
           3.   Doctrine of Absolute Immunity……………………...13
           4.   Doctrine of Qualified Immunity……………………..14
      D.   No Civil Rights Violations…………………………….……16
           1.   Public Defender is Not a "State Actor"…………….17
           2.   First Amendment Retaliation…………………………18
           3.   Conspiracy Claim…………………………………...22
V.    Conclusions.................................................................................23
VI.   Certifications..............................................................................24

## TABLE OF EXHIBITS

Exhibit "1"    Second Amended Complaint from the Sawicki I litigation filed in the United States District Court for the Middle District of Pennsylvania.

Exhibit "2"    Dockets from the Sawicki I litigation filed in the United States District Court for the Middle District of Pennsylvania and the Third Circuit Court.

Exhibit "3"    Proposed Third Amended Complaint from the Sawicki I litigation filed in the United States District Court for the Middle District of Pennsylvania.

Exhibit "4"    Decision on the Defendants' Motion to Dismiss the Second Amended Complaint from the Sawicki I litigation filed in the United States District Court for the Middle District of Pennsylvania. Sawicki v. Kipphan, 2024 U.S. Dist. LEXIS 9599, 2024 WL 197637 (M.D. Pa. Jan. 18, 2024).

Exhibit "5"    Decision on Sawicki's Motion for Reconsideration from the Sawicki I litigation filed in the United States District Court for the Middle District of Pennsylvania. Sawicki v. Kipphan 2024 U.S. Dist. LEXIS 109390 (M.D. Pa. May 17, 2024).

Exhibit "6"    Decision on Sawicki's appeal to the Third Circuit Court from the Sawicki I litigation filed in the United States District Court for the Middle District of Pennsylvania. Sawicki v. Kipphan, 2025 U.S. App. LEXIS 10507, 2025 WL 1261780 (3d Cir. 2025).

Exhibit "7"    107 DB 2021 Disciplinary Docket.

Exhibit "8"    107 DB 2021- Report and Recommendation of the Hearing Committee dated February 23, 2023.

Exhibit "9"    107 DB 2021- Supreme Court of Pennsylvania's Order adopting the Report and Recommendation of the Disciplinary Board and a copy of the Report and Recommendation of the Disciplinary Board. Off. of Disciplinary Counsel v. Sawicki, No. 3005 Disciplinary Docket No.3, 2023 Pa. LEXIS 1726  (Dec. 22, 2023)

Exhibit "10"    Thomas V. Duvall, 2022 U.S. Dist. LEXIS 65001, 2022 WL 1046376 (M.D. Pa. 2022).

# TABLE OF AUTHORITIES

<u>Cases</u>

<u>Abbott v. Latshaw</u>, 164 F.3d 141 (3d Cir. 1998)……………………….........................15

<u>Aldrich v. McCulloch Props. Inc.</u>, 627 F.2d 1036 (10th Cir. 1980)………..…………..9

<u>Andree v. Ashland Cnty.</u>,  818 F.2d 1306 (7th Cir. 1987)……………………..……23

<u>Angelico v. Lehigh Valley Hosp. Inc.</u>, 184 F.3d 268 (3d Cir. 1999)………..................17

<u>Anspach v. City of Philadelphia</u>, 380 F. App'x 180 (3d Cir. 2010)………………..……7

<u>Ashcroft v. al-Kidd</u>, 563 U.S. 731 (2011)……………………………………………16

<u>Baker v. McCollan</u>, 443 U.S. 137 (1979)...............................................................3

<u>Baker v. Racansky</u>, 887 F.2d 183 (9th Cir.  1989)………………………………….15

<u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007)…..........................................3

<u>Bland v. City of Newark</u>, 900 F.3d 77 (3d Cir. 2018)……………………..…..………15

<u>Brennan v. Norton</u>, 350 F.3d 399 (3d Cir.  2000)……………………………..……...18

<u>Briscoe v. La Hue</u>, 460 U.S. 325 (1983)……………………………………..………13

<u>Bullington v. United Air Lines Co.</u>, 186 F.3d 1301 (10th Cir. 1999)………..................9

<u>County of Sacramento v. Lewis</u>, 523 U.S. 833 (1998).............................................3

<u>Donahue v. Gavin</u>, 280 F.3d 371 (3d Cir. 2002)……………………………..………13

<u>Dici v. Cmlth of Pa.</u>, 91 F.3d 542 (3d Cir. 1997)…………………………….....……6

<u>Edmundson v. Borough of Kennett Square</u>, 4 F.3d 186 (3d. Cir. 1993)………….……...6

<u>Federated Dep't Stores v. Moitie</u>, 452 U.S. 394 (1981)……………………..……..…8

<u>Ferry v. Bergbigler</u>, 615 F. Supp. 90 (W.D. Pa. 1985)...........................................3

<u>Freedman v.  City of Allentown</u>, 651 F. Supp. 1046 (E.D. Pa. 1987)
         <i>aff'd</i> 853 F.2d 1111 (3d Cir. 1988)...........................................................4

<u>Fry v. Melaragno</u>, 939 F.2d 832 (9th Cir. 1991)…………………………………...14

Ghananee v. Black, 504 A.2d 281 (Pa. Super. 1986)………………………………………...17

Gilles v. Davis, 427 F.3d. 197 (3d Cir. 2005)………………………………..………........15

Haines v Kerner, 404 U.S. 519 (1972)……………………………………………………5

Harlow v. Fitzgerald, 457 U.S. 800 (1982)………………………………………………..14,15

Hawksbill Sea Turtle v. Fed. Emergency Mgmt. Agency, 126 F.3d 461
        (3d Cir. 1997)…………………………………………………………………...…..6

Henglein v. Colt Indus. Operating Corp., 260 F.2d 201 (3d Cir. 2001)…………………..6

Hollingsworth v. Hill, 110 F.3d 733 (10th Cir. 1997)………………………………………15

Hunter v. Bryant, 502 U.S. 224 (1991)……………………………………………………14

Imbler v. Pachtman, 424 U.S. 409 (1976)……………………………….…...................13

In re Keyes, 344 F. Supp. 3d 803 (E.D. Pa. 2018)………………………………….........17

Jean Alexander Cosmetics, Inc., v. L'Oreal USA, Inc., 458 F.3d 244
        (3d Cir. 2006)………………………………………………………….…….…….4,6

Jordan v. Fox, Rothschild, O'Brien and Frankel, Inc.,  20 F.3d 1250
        (3d Cir. 1994)...................................................................................................2

Kneipp v. Tedder, 95 F.3d 1199 (3d Cir. 1996).....................................................3

Kost v. Kozakiewicz, 1 F.3d 176 (3d Cir. 1993)………………………….................9

Kulwicki v. Dawson, 969 F.2d 1454 (3d Cir. 1992)...........................................4,13

Malley v. Briggs, 475 U.S. 335 (1986)……………………………………………………14

Manhattan Cty Access Corp. v. Halleck, 139 S. Ct. 1921,
        204 L.Ed. 405 (2019)………………………………………………,…..…………17

Marchese v. Umstead, 110 F. Supp. 2d 361 (E.D. Pa. 2000)………………………….....22

McKee v. Hart, 436 F.3d 165 (3d Cir. 2006)………………………………………………14

McLaughlin v. Watson, 271 F.3d 566 (3d Cir. 2001)……………………………...........19

Montana v. U.S. 440 U.S. 147 (1979)…………………………………………………...6,7

Morse v. Lower Merion Sch. Dist., 132 F.3d 902 (3d Cir. 1997)…………………………...2

Mullarkey v. Tamboer, 536 F.3d 215 (3d Cir. 2008)………………………………………...8

Murphy v. Office of Disciplinary Counsel, 2019 U.S. Dist. LEXIS 167650,
  2019 WL 475059 (E.D. Pa. 2019)…………………………………………………...8

Nelson v. County of Allegheny, 60 F. 3d 1010 (3d Cir. 1995)…………….…………….…10

Off. of Disciplinary Counsel v. Sawicki, No. 3005 Disciplinary
  Docket No.3, 2023 Pa. LEXIS 1726  (Dec. 22, 2023)…………………………..2

Parklane Hosiery Co. v. Shore, 436 U.S. 322 (1979)………………………………………6,8

Patterson v. Armstrong County Children & Youth Servs.,
  144 F..Supp. 2d 512 (W.D. Pa. 2001)………………………………………………15

Paul v. Davis, 424 U.S. 693 (1976)……………………………........................................3

Pocono International Raceway, Inc. v Pocono Produce, Inc.,
  468 A.2d 468 (Pa. 1983)……………………………………………………………10

Polk Cty. v. Dodson, 454 U.S. 312 (1981)……………………………………………………17

Post v. Hartford Ins. Co., 501 F.3d 154 (3d Cir. 2007)……………………………...….8

Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001)……………………………………….…18

Reese v. Danforth, 406 A.2d 735 (Pa. 1979)………………………………….………..16

Rode v. Dellarciprete, 845 F.2d 1195 (3d Cir. 1988)…………………………..……......16

Sameric Corp. of Delaware, Inc. v City of Philadelphia, 143 F.3d 582
  (3d Cir. 1998)…………………………………………………………………………10

Saucier v. Katz, 533 U.S. 194 (2001)………………………………………………….........15

Sawicki v. Kipphan, 2024 U.S. Dist. LEXIS 9599, 2024 WL 197637
  (M.D. Pa. Jan 18, 2024) (reconsideration denied, Sawicki v. Kipphan,
  2024 U.S. Dist. LEXIS 109390 (M.D. Pa. May 17, 2024)……………………….passim

Sawicki v. Kipphan, 2025 U.S. App. LEXIS 10507, 2025 WL 1261780
  (3d Cir. 2025)………………………………………………………………………….passim

Schmidt v. Skolas, 770 F.3d 241 (3d Cir. 2014)……………………………………………4

Schneck v. Saucon Valley Sch. Dist., 340 F. Supp. 2d 558 (E.D. Pa. 2004)………………18

S. Cross Overseas Agencies, Inc., v. Wah Kwong Shipping Group Ltd., 181 F.3d 410,
        (3d Cir. 1999)……………………………………………………………………………4

Sweetman v. Borough of Norristown, PA.,  554 Fed. Appx. 86
        (3d Cir. 2014)……………………………………………………………………………22

Timko v. City of Hazleton, 665 F. Supp. 1130 (M.D. Pa. 1986) ……………………………4

Thomas v. Duvall, 2022 U.S. Dist. LEXIS 65001, 2022 WL 1046376
        (M.D. Pa. 2022)…………………………………………………………………………22

Van Tassel v. Lawrence Cty Domestic Rels. Section,
        659 F. Supp. 2d 672 (W.D. PA. 2009)………..…………………….……………17

White v. Pauly, 137 S. Ct. 548 (2018)…………………………………………………………15

Williams v. Office of the Public Defender County of Lehigh, 586 A.2d 924
        (Pa. Super. 1990)………………………………………………………………………..17

Wilson v. Garcia, 471 U.S. 261 (1985)…………………………………………...................10


Constitutional Provisions
U.S. Const. amend. I....................................................................................................passim

U.S. Const. amend. V....................................................................................................23

U.S. Const. amend. XIV................................................................................................15,23

Federal Statutes
42 U.S.C.§1983.............................................................................................................passim

Federal Rules
Federal Rule of Civil Procedure 12(b)(6)...........................................................1,2,4,8,9

Federal Rule of Civil Procedure 41(b)…...........................................................................8

State Rules
Pennsylvania Rules of Professional Conduct, Rule 8.3……………….….…...................12

Pennsylvania Rules of Disciplinary Enforcement 203(b)(7)…………………………………12

Pennsylvania Rules of Disciplinary Enforcement 209(b)…………………………………12

## BRIEF IN SUPPORT OF THE MOTION TO DISMISS

NOW COME Defendants, Christopher B. Wencker, David G. Smith, and Lori Heaton ("County Defendants") by and through their counsel, pursuant to Fed.R.Civ.P. 12(b)(6), and file this Brief in Support of the Motion to Dismiss of which the following is a statement.

## I.       STATEMENT OF THE CASE

Marianne Sawicki ("Sawicki") filed this litigation against the County Defendants setting forth two causes of action-- "*Retaliation for Activity Protected by the First Amendment*" in Count One (ECF No. 1, ¶¶195-198) and "*Conspiracy to Deprive Plaintiff of Federally Protected Rights*" in Count Four. (Id., ¶¶212-217).  This is the second attempt by Sawicki based upon the same causes of actions, allegations, and facts to implicate the County Defendants in the **same** civil rights violations. The Honorable District Judge Jennifer P. Wilson from the Middle District of Pennsylvania provided a very detailed factual summary and then terminated the litigation at the motion to dismiss stage. (Sawicki v. Kipphan, 2024 U.S. Dist. LEXIS 9599, 2024 WL197637 (M.D. Pa. Jan. 18, 2024); (*reconsideration denied*, Sawicki v. Kipphan, 2024 U.S. Dist. LEXIS 109389, 2024 WL 86318, (M.D. Pa. May 17, 2024)) (See Exhibits "4" and "5" respectively attached to the Motion to Dismiss).  These determinations were affirmed by the Third Circuit. (Sawicki v. Kipphan, 2025 U.S. App. LEXIS 10507, 2025 WL 1261780 (3d Cir. May 1, 2025). (See Exhibit "6" attached to the Motion to Dismiss). The Middle District litigation is designated as "Sawicki I" for ease of reference.

## II.      SUMMARY OF THE ARGUMENT

First, this current litigation is a clear and intentional abuse of the legal process by Sawicki.  She had her "day in court" with extensive attempts to amend her pleadings.  Despite

1

this, she was unsuccessful in setting forth any valid claim against the County Defendants in Sawicki I. (See Exhibits "2", "4"-"6" attached to the Motion to Dismiss).  She is alleging the same facts/issues/causes of action in this current litigation against the County Defendants as she did previously in Sawicki I.  The Pennsylvania Disciplinary process was fully litigated and afforded Sawicki ample opportunities to defend herself against complaints.  (See Exhibits "7"- "9" attached to the Motion to Dismiss).  There are no valid claims alleged against the County Defendants, as these were already decided through the Pennsylvania Disciplinary process. (Exhibit "9";  Off. of Disciplinary Counsel v. Sawicki, No. 3005 Disciplinary Docket No.3, 2023 Pa. LEXIS 1726  (Dec. 22, 2023). Sawicki's current litigation is barred under the doctrines of collateral estoppel and/or res judicata.

In the alternative, her claims are barred by the statute of limitations. In addition, the County Defendants are protected under various immunity doctrines or statutory provisions. Finally, Sawicki cannot set forth based facts and circumstances for any valid claims for a First Amendment Retaliation or Conspiracy claim against the County Defendants.

## III.    STANDARDS

### A.    Standard of Review for Granting a Fed.R.Civ.P. 12(b)(6) Motion to Dismiss.

Fed.R.Civ.P. 12(b)(6) permits the dismissal of a complaint, in whole or in part, if it fails to set forth a claim upon which relief can be granted.  In considering a Fed.R.Civ.P. 12(b)(6) motion, the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant.  Jordan v. Fox, Rothschild, O'Brien and Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994).  A court is not, however, required to credit or lend credence to "bald allegations" or "legal

conclusions." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 905 (3d Cir. 1997). While "detailed factual allegations" are not required, "a plaintiff's obligation to provide the 'ground' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's element will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (*internal citations omitted*). The test for the Court at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one to determine whether the plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

**B.    Standard for a Civil Rights Claim**.

Sawicki alleges violations under 42 U.S.C. §1983. Section 1983 does not itself contain any substantive provisions, thus a court must examine the facts alleged to determine whether any federally protected right of a plaintiff has been violated. Ferry v. Bergbigler, 615 F. Supp. 90 (W.D. Pa. 1985). Not every state law tort becomes a federally cognizable "constitutional tort" under §1983 just because it is committed by a state actor. Baker v. McCollan, 443 U.S. 137, 146 (1979); Paul v. Davis, 424 U.S. 693, 701 (1976). To state a cause of action under §1983, a plaintiff must show a deprivation of a constitutional right and that it was caused by a person acting under the color of state law. Kneipp v. Tedder, 95 F. 3d 1199, 1204 (3d Cir. 1996). The initial step in evaluating a §1983 claim is to "identify the exact contours of the underlying right said to have been violated" and then determine "whether the plaintiff has alleged a deprivation of a constitutional right at all." County of Sacramento v. Lewis, 523 U.S. 833, 841 n. 5 (1998). A

3

plaintiff trying to establish a constitutional violation must show that the official's conduct

"shocks the conscience" in the particular setting in which that conduct occurred. Id.  A plaintiff

cannot prove a violation of the underlying constitutional right by only alleging negligent conduct

of a governmental official. Id. at 330.  Freedman v. City of Allentown, 651 F. Supp. 1046 (E.D.

Pa. 1987) aff'd 853 F.2d 1111 (3d Cir. 1988) (A violation of state tort law is insufficient to state a

claim under §1983); Kulwicki v. Dawson, 969 F.2d 1454 (3d Cir. 1992) (§1983 is not applicable

to causes of action based upon the mere negligent conduct of a defendant); Timko v. City of

Hazleton, 665 F. Supp. 1130 (M.D. Pa. 1986).

**C.    Consideration of Documents Other Than What Are Attached to the Complaint**.

Matters of public record are properly attached to motions to dismiss to permit the court to

take judicial notice of the same.  Schmidt v. Skolas, 770 F.3d 241 (3d Cir. 2014).  "To resolve a

12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in

addition to the allegations in the complaint." Jean Alexander Cosmetics, Inc., v. L'Oreal USA,

Inc., 458 F.3d 244, 256 n.5 (3d Cir. 2006) (citing S. Cross Overseas Agencies, Inc., v. Wah

Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999).

The County Defendants have attached the following to their Motion to Dismiss: Sawicki

I's relevant pleading and proposed pleading; Sawicki I's dockets; and Sawicki I's court decisions

involving prior litigation between Sawicki and these County Defendants regarding the same civil

rights claims (First Amendment Retaliation and conspiracy to deprive plaintiff of federally

protected rights).  (See Exhibit "1"  -Second Amended Complaint for Sawicki I;  Exhibit "2"-

Dockets for Sawicki I  Middle District & Third Circuit; and Exhibit "3"  -Proposed Third

Amended Complaint for Sawicki I).   Sawicki I litigation claims have been litigated and

4

dismissed based upon the decisions in the Middle District of Pennsylvania. (See Exhibit "4," <u>Sawicki v. Kipphan</u>, 2024 U.S. Dist. LEXIS 9599, 2024 WL 197637 (M.D. Pa. Jan 18, 2024) and Exhibit "5," *reconsideration denied in* <u>Sawicki v. Kipphan</u> 2024 U.S. Dist. LEXIS 109390 (M.D. Pa. May 17, 2024)).  The Third Circuit decision affirmed the Middle District's decisions. (Exhibit "6" - <u>Sawicki v. Kipphan</u>, 2025 U.S. App. LEXIS 10507, 2025 WL 1261780 (3d Cir. May 1, 2025).  Finally, Sawicki's disciplinary activities for which she claims a basis for this litigation are also of public record. (See Exhibits "7"- "9").  It is proper under the circumstances for this Court to consider the Exhibits attached to the County Defendants' Motion to Dismiss.

**D.    Pro Se.**

In <u>Haines v Kerner</u>, 404 U.S. 519, 520-521 (1972), the Court held that "however inartfully pleaded," *pro se* pleadings must be held to "less stringent standards than formal pleadings drafted by lawyers."   Sawicki is acting in a "pro se" capacity.

Sawicki held a law license and professes to be a civil rights litigator. (ECF No. 1, ¶¶1, 184-185).   Sawicki has described herself in Sawicki I as "an effective civil rights litigator widely known…"(¶49);  her "advocacy was publicly conducted and widely known in Huntingdon County and throughout the Commonwealth" (¶64); she "consulted and give advice freely to other civil-rights litigators on technical issues" (¶65); and she was invited by "UCLA School of Law..." to "prepare[ ] a summer internship experience in civil-rights advocacy for law students." (¶68). (Exhibit "1").  It would be improper to allow Sawicki to be held to a lesser standard since she professes to have expertise in prior litigation; also, a quick LEXIS or Westlaw search revealed numerous civil rights lawsuits for which she was plaintiff's counsel.  Thus, she should not be held to a lesser standard in determining this Motion to Dismiss.

VI.    **ARGUMENTS.**

A.    **Collateral Estoppel and Res Judicata.**

1.    **Collateral Estoppel (Issue Preclusion).**

Collateral estoppel, i.e., issue preclusion provides that once an issue has been decided by a competent court, it may not be relitigated in a different suit. Montana v. U.S. 440 U.S. 147 (1979). "Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive to subsequent suits on a different cause of action involving a party to the prior litigation. Parklane Hosiery Co. v. Shore, 436 U.S. 322, 326 n. 5 (1979)." Montana, 440 U.S. at 153. It bars re-litigation of an issue identical to that in a prior action." Edmundson v. Borough of Kennett Square, 4 F.3d 186, 189 (3d. Cir. 1993). The federal courts apply the preclusion rules applicable in the state in which it is located (thus Pennsylvania for this Court). Edmundson v. Borough of Kennett Square, 4 F.3d 186, 189 (3d Cir. 1993). A later court must respect the decisions of an earlier court as to matters and issues that were litigated. Dici v. Cmlth of Pa., 91 F.3d 542 (3d Cir. 1997).

The Third Circuit Court has identified four standard requirements for the application of collateral estoppel to apply: "'(1) The identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from re-litigating the issue was fully represented in the prior action.'" Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc., 458 F.3d 244, 249 (3d Cir. 2006) (*quoting* Henglein v. Colt Indus. Operating Corp., 260 F.2d 201, 209 (3d Cir. 2001)). Each of the four factors must be satisfied to successfully argue collateral estoppel. Hawksbill Sea Turtle v. Fed. Emergency Mgmt. Agency, 126 F.3d 461, 475 (3d Cir. 1997).

6

As to the first factor, "issues litigated in a prior action have preclusive effect if the controlling facts essential to the judgment remain unchanged in the later action."  Anspach v. City of Philadelphia, 380 F. App'x 180, 184 (3d Cir. 2010) (*citing* Montana, 440 U.S. at 159). The issues are the same, the facts are the same and the allegations are the same.  In the matter *sub judice*, the evidence would have been the same and the legal arguments propounded are the same as in Sawicki I. The similarities are evidenced by Exhibits "1"- "6" as well are in the disciplinary decisions in Exhibits "7"-"9".

Second, the matter was litigated as Sawicki filed amended pleadings and even a proposed third amended complaint, yet she could not set forth a valid cause of action against Wencker, Smith, and/or Heaton. (Exhibits "2"-"6").  Third, the Sawicki I decisions (two issued by the District Court and one by the Third Circuit Court) were directly related to the subject matter of this litigation including the same facts and allegations.  Sawicki I was not dismissed on procedural matters but on substantive rulings.  Finally, Sawicki was "fully represented" in Sawicki I, as she represented herself in that matter when early on she was a licensed attorney before she retired her license. (ECF No. 1, ¶124). (See Exhibits "1"-"6").

All four factor are satisfied for this Court to grant this Motion to Dismiss based upon the doctrine of collateral estoppel.  Allowing Sawicki an opportunity to amend her pleading would be futile, as no amount of amending will resolve this procedural deficiency.

**2.      Res Judicata (Claim Preclusion).**

**a.      Sawicki I.**

Res judicata requires a party to establish three elements:  "(1) A final judgment on the merits and a prior suit involving (2) the same parties or their privies and (3) a subsequent suit

based on the same cause of action." <u>Mullarkey v. Tamboer</u>, 536 F.3d 215, 225 (3d Cir. 2008).

"The doctrine of *res judicata* bars not only claims that were brought in a previous action but also

claims that could have been brought." <u>Id</u>.   The doctrine of res judicata "protect[s] litigants from

the burden of re-litigating an identical issue with the same party or his privy and… promote[s]

judicial economy by preventing needless litigation." <u>Post v. Hartford Ins. Co.</u>, 501 F.3d 154, 169

(3d Cir. 2007) (*quoting* <u>Parklane Hosiery Co. v. Shore</u>, 439 U.S. 322, 327 (1997)).

Claim preclusion is applicable in this second lawsuit.  As to the first element, an

involuntary dismissal with prejudice equates to dismissal on the merits. <u>Fed. R. Civ. P. 41(b)</u>;

<u>Federated Dep't Stores v. Moitie</u>, 452 U.S. 394, 399, n.3(1981) (holding that a dismissal for

failure to state a claim constitutes a "judgment on the merits"). Sawicki I was dismissed with

prejudice based upon Fed. R. Civ. P. 12(b) motions. (Exhibits "4"-"6").

The second element has also been satisfied as Sawicki has already sued the County

Defendants before based upon the same facts, allegations and causes of action but failed. (<u>Id</u>.)

Finally, as to the third element, Sawicki alleges the same two causes of action based upon the

same facts in this litigation as she did in Sawicki I. (<u>Id</u>.).  She names the two Counts against the

County Defendants exactually the same along with almost the same allegations. She uses the

same caption (name) and the allegations under both Counts One and Four which contains almost

identical language as in Sawicki I.

As a matter of law, Sawicki is barred under the doctrine of res judicata from proceeding

with this Second Litigation.  Any amendment would be futile.

**b.    Disciplinary Findings.**

Preclusion based upon the disciplinary process, also prevents this Court from re-litigation

the facts and issues posed by Sawicki.  The Pennsylvania disciplinary process is "a unitary

process that is judicial in nature."  Murphy v. Office of Disciplinary Counsel, 2019 U.S. Dist.

LEXIS 167650, 2019 WL 475059 at *14 & n. 19 (E.D. Pa. 2019).  Sawicki is trying to have this

Court to re-litigate the same claims and facts determined in the disciplinary matter.  While the

parties may not have been the same, the claims presented herein by Sawicki are just a

regurgitation of the fully vented issues and arguments she presented during the disciplinary

process. (Exhibit "7"-"9").   In other words, the facts and issues forming the basis of the

disciplinary matter were fully litigated and determined by a final and valid process. (Id.).

Arguments regarding the evidence in the disciplinary process have already been

judicially decided, which prevents any re-arguments of the same. The information, statements

and/or testimony provided by the County Defendants cannot now in this litigation be re-litigated

to somehow change the findings in the disciplinary determinations.   The findings of fact and

determinations have already been attacked by Sawicki and her counsel during the disciplinary

process. (See Exhibit "7").  As a matter of law, Sawicki is barred from re-litigating any of the

findings found the in disciplinary Report and Recommendations. (Exhibit "9").

Sawicki is thus procedurally barred from proceeding with this litigation whether under

issue or claim preclusion.  No amendment opportunity will resolve procedural deficiencies.

**B.**    **Statute of Limitations- §1983 Claims**

Dismissal under Fed.R.Civ.P. 12(b)(6) is proper when the complaint, on its face,

indicates that the statute of limitation has expired. Aldrich v. McCulloch Props. Inc., 627 F.2d

1036, n. 4 (10th Cir. 1980); Bullington v. United Air Lines Co., 186 F.3d 1301, 1310 n. 3 (10th

Cir. 1999).  Claims brought under 42 U.S.C. §1983 are subject to the appropriate statute of

limitations of Pennsylvania, the forum state. <u>Wilson v. Garcia</u>, 471 U.S. 261, 266–67 (1985). Since §1983 claims are tort based, they are governed by the statute of limitations pertaining to personal injury actions in the state where the §1983 claim is brought.  <u>Id.</u>, 471 U.S. at 275-76.  In Pennsylvania the statute of limitations for tort or personal injury is governed by a two-year limitations period.  42 Pa.C.S. §5524.  In <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 189-90 (3d Cir. 1993), the Third Circuit Court held that Pennsylvania's two-year statute of limitations applies to violations of constitutional rights brought under 42 U.S.C. §1983.

A cause of action begins when a plaintiff knows or has reason to know of an injury that constitutes the basis of his cause of action. <u>Sameric Corp. of Delaware, Inc. v City of Philadelphia</u>, 143 F.3d 582, 599 (3d Cir. 1998); <u>Nelson v. County of Allegheny</u>, 60 F. 3d 1010 (3d Cir. 1995).  "[T]he statute of limitations begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misundersth do not toll the running of the statute of limitations." <u>Pocono International Raceway, Inc. v Pocono Produce, Inc</u>., 468 A.2d 468, 471 (Pa. 1983).  The discovery rule is an exception so that its application will toll the running of the statute of limitations if the injury to a party is not known or could be determined within the applicable time frame. (<u>Id</u>.)  The "discovery rule" is triggered based upon the inability of the party despite the "exercise of reasonable diligence" to know of the injury or the cause within the statutory period. (<u>Id</u>., at 471).   In other words, if a party identifies a harm within the two-year statute of limitations for a civil rights action, the party must file within the original 24-month period.  However, if a party does not discover through reasonable diligence the harm until after the 24th month, the party has 24 months from that date to file suit.

Sawicki I was filed against these County Defendants on December 5, 2021. (See Exhibits

"1" and "2").  Sawicki utilizes the same facts, claims, and issues involved in Sawicki I against

the County Defendants as in the matter *sub judice*. (Id., ECF No. 1).  Sawicki knew her "harm"

i.e., causes of action involving the County Defendants by at least December 2021 when she filed

suit.  The Complaint is based on timeframes from November 5, 2019 through February 17, 2022.

(ECF No. 1, ¶¶35, 121).  The two-year statute expired on February 17, 2024.  As to the

disciplinary matters, she knew or should have known by February 2022 when Wencker testified,

which was her harm. (Id., ¶121).   That "harm" was revealed during the disciplinary matter at

least. (Id., ¶¶113-123; Exhibits "7"-"9").   Sawicki filed this current litigation on August 22,

2025, (3 years, 8 months and 17 days) after the filing of Sawicki I and over two years after

Wencker testified in February 2022.

   Sawicki appears to be trying to extend the time frame. Sawicki alleges only to Wencker,

he "continued to confer privately"… "after their federal February 2022 testimony" with

Ammons without any specifics or even how those communications in any way violated her civil

rights. (Id., ¶132). Sawicki sat through all the testimony and disciplinary hearing proceedings.

She knew or should have known of the actions by Wencker, yet she still did nothing about it

until August 22, 2025, well beyond any factual basis for her to extend the time frame.

   Finally, the very last date Sawicki should have known of a harm would be by February

27, 2023, the release of at least the Report and Recommendations of the Hearing Committee, the

County Defendants' involvement. (Exhibits "7", "8").   That two-year statute of limitations

would have been February 27, 2025.  Again, this suit was not filed until August 22, 2025,

surpassing the statute of limitations even under this most extreme interpretation for extending her

date for filing litigation against the County Defendants.

The very nature and facts of the Complaint demonstrate that the statute of limitations bars this litigation. As a matter of fact, and law, Sawicki is time barred from raising her claims against the County Defendants, thereby this litigation must be dismissed with prejudice.

**C.   Immunities**

**1.   Immunity under the Pa. Rules of Professional Conduct and Pa. Rules of Disciplinary Enforcement 209(b).**

Under Pennsylvania Rules of Professional Conduct, Rule 8.3 "Reporting Professional Misconduct" states in part:

> (a)   A lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer in other respects, **shall** inform the appropriate professional authority.
>
> Pa. R.P.C. 8.3(a) (*emphasis added*).

Pennsylvania Rules of Disciplinary Enforcement ("Pa. R.D.E.") 209(b) states in part:

> …**All communications** to the Board, a hearing committee, special master, or Disciplinary Counsel relating to misconduct by a respondent-attorney and **all testimony** given in a proceeding conducted pursuant to these rules shall be absolutely privileged and the person making the communication or giving the testimony shall be immune from civil suit based upon such communication or testimony.

Wencker and Smith are obligated as licensed professionals in the Commonwealth to follow the Rules of Professional Conduct. They must also cooperate with any disciplinary process which includes the investigations and testifying if called upon to do so. (Pa. R.D.E. 203(b)(7)). The Rules for Disciplinary Enforcements afford persons involved with the disciplinary process protections to elicit cooperation by those called upon during the process. Protections are in place so that "all communications" during the disciplinary process as well as testimony is protected from civil suit. (Pa. R.D.E. 209(b)).

Regardless of the means of the communication with the Board, members of the hearing committee and/or investigators, the County Defendants are statutorily immune. Wencker's testimony is specifically protected. Wencker, Smith, and Heaton are also protected by providing statements and/or cooperating with the investigators. Thus, all the claims by Sawicki based upon the County Defendants' cooperation, including statements or testimony cannot be a basis for civil litigation. Sawicki cannot support her First Amendment Retaliation or Conspiracy claims against them and no amount of amending will remedy this deficiency.

## 2.    Quasi-Judicial.

A witness who testifies in a judicial proceeding is immune from any liability for the testimony given. Briscoe v. La Hue, 460 U.S. 325 (1983). In Briscoe, the Supreme Court held that Congress did not abrogate the common law immunity under 42 U.S.C. §1983. (Id.). Sawicki's pleading references Wencker's testimony during a disciplinary hearing on February 16, 17, 2022 for which she is basing her some of her claims upon. She alleges that, "Wencker repeated and enlarged upon some of the false information that [he] had already provided privately to Ammons and her staff." (ECF No. 1, ¶¶ 121-122). Wencker is afforded under the witness immunity doctrine protection from Sawicki's claims since he testified in a judicial or quasi-judicial forum. Thus, Sawicki's claim for First Amendment Retaliation based upon Wencker's testimony is barred and he should be dismissed with prejudice.

## 3.    Doctrine of Absolute Immunity.

"[A] prosecutor is absolutely immune [from a §1983 suit seeking damages] when acting as an advocate in judicial proceedings." Donahue v. Gavin, 280 F.3d 371, 377 n. 15 (3d Cir. 2002). In Kulwicki v. Dawson, 969 F.2d 1454, 1463 (1992) the Court explained as to district

attorneys and assistant district attorneys that:

> Absolute immunity attaches to all actions performed in a "quasi-judicial" role. Imbler v. Pachtman, 424 U.S. 409, 430, 47 L. Ed. 2d 128, 96 S. Ct. 984 (1976). This includes activity taken while in court, such as the presentation of evidence or legal argument, as well as selected out-of-court behavior "intimately associated with the judicial phases" of litigation. *See* Id.; Fry [v. Melaragno], 939 F.2d [832] at 838 [(9th Cir. 1991)] (activity occurring as part of presentation of evidence is absolutely protected).

Sawicki's claims are based upon Smith's behavior involving a criminal prosecution including before, during and after the criminal arraignment in his role as a prosecutor; thus, he is immune. The filing of a document in Ms. Kissinger's civil lien case while arguably not in the role of a prosecutor, is still protected since it involves the filing of a document at the courthouse. Therefore, even if it was considered improper, it cannot form any basis for a civil rights violation against Sawicki under her facts and circumstances.

**4.     Doctrine of Qualified Immunity.**

The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), established that "governmental officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Id. Qualified immunity serves a number of important goals including courts expressing a concern over "the deterrent effect that civil liability may have on the willingness of public officials to fully discharge their professional duties." Malley v. Briggs, 475 U.S. 335, 341(1986).

"Qualified immunity insulates government officials performing discretionary functions from suit insofar as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." McKee v. Hart, 436 F.3d 165, 169 (3d Cir. 2006) (*internal*

14

*quotation marks omitted*).  This qualified immunity "shields" public officials when performing discretionary functions from §1983 liability.  <u>Abbott v. Latshaw</u>, 164 F.3d 141, 148 (3rd Cir. 1998) When it attaches, the privilege of qualified immunity "is an immunity from suit rather than a mere defense to liability."  <u>Saucier v. Katz</u>, 533 U.S. 194, 200-01(2001).   "Qualified immunity encompasses mistaken judgments that are not plainly incompetent." <u>Gilles v. Davis</u>, 427 F.3d. 197, 207 (3d Cir 2005) (*citing*, <u>Hunter v. Bryant</u>, 502 U.S. 224, 229, (1991)).  Further, even mistaken judgments are protected as long as they do not violate clearly established statutory or constitutional right of which a reasonable person would have been aware. <u>Harlow</u>, <u>supra</u>. 457 U.S. at 818; <u>Gilles v. Davis</u>, 427 F.3d at 203.

"The doctrine of qualified immunity insulates officials who reasonably exercise their discretion in such circumstances, affording them the benefit of the doubt when they reasonably make difficult judgment calls." <u>Patterson v. Armstrong County Children & Youth Servs.</u>, 144 F. Supp. 2d 512, 529 (W.D. Pa. 2001) Additionally, if there was an error made by the Defendants, they are still "entitled to qualified immunity of plaintiffs' claims under 42 U.S.C. §1983 for violation of their Fourteenth Amendment substantive due process rights. *E.g*., <u>Hollingsworth v. Hill, 110 F.3d 733</u> (10th Cir. 1997); <u>Baker v. Racansky</u>, 887 F.2d 183 (9th Cir.  1989)" <u>Patterson</u>, 144 F. Supp. at 529. The Supreme Court has held "that clearly established law should not be established at a high level of generality," but instead must "be particularized to the facts of the case." <u>Bland v. City of Newark</u>, 900 F.3d 77, 83 (3d Cir. 2018) (*citing* <u>White v. Pauly</u>, 137 S. Ct. 548, 552 (2018)).

To determine if qualified immunity applies, Sawicki must first set forth a constitutional violation before determining if immunity protects the County Defendants.  The facts as pled by

Sawicki do not meet the standard necessary to first establish the possibility of a constitutional violation against the County Defendants.  Second, and even more importantly, there is nothing to establish notice to the public actors that any of the interference in the representation of a client affords the attorney of the client a constitutional right of action.  A public actor is protected from a civil rights suit for monetary damages under §1983 unless "the official violated a… constitutional right," and "the right was clearly established at the time of the challenged conduct."  Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011).  In other words, there must be a legal precedent existing at the time of the official's act. Id., at 741-42.

There are no allegations in the Complaint that would place the County Defendants on notice that their actions as plead by Sawicki could or would violate her civil rights. (Motion to Dismiss, ¶¶19-21).  The extensive list of "facts" and "allegations" set forth in the Motion to Dismiss against each of the County Defendants does not establish any legal right or precedent that would defeat their rights to have this matter dismissed with prejudice. (Id.). If there was such a violation then as a matter of first impression, the County Defendants lacked notice that their complaints, statements and/or testimony to a quasi-judicial process, i.e., the disciplinary process could violate someone's civil rights. Therefore, the County Defendants should be dismissed with prejudice as no amount of amending will rectify settling forth a claim.

**D.    No Civil Rights Violations**

A plaintiff must allege that each of the individual defendants in a civil rights action had personal involvement in committing the alleged violations.  Rode v. Dellarciprete, 845 F.2d 1195 (3d Cir. 1988).

1.    **Public Defender is Not a "State Actor."**

To set forth a claim of liability under §1983, Plaintiff must allege that she was deprived

of a federal constitutional right by a "*state actor*." <u>Van Tassel v. Lawrence Cty Domestic Rels.</u>

<u>Section</u>, 659 F. Supp. 2d 672 (W.D. PA. 2009).  A public defender cannot avail himself/herself

of statutory immunity under the Political Subdivision Tort Claims Act as the Pennsylvania

Courts have held that once a public defender is assigned to assist a defendant, his/her public

function stops, and he/she is subject to civil liability for tortious conduct. <u>Reese v. Danforth</u>, 406

A.2d 735 (Pa. 1979); <u>Williams v. Office of the Public Defender County of Lehigh</u>, 586 A.2d 924

(Pa. Super. 1990).  The duty of care owed by a public defender is the same that is owed by

private criminal defense attorneys.  <u>Ghananee v. Black</u>, 504 A.2d 281 (Pa. Super. 1986).  <u>In re</u>

<u>Keyes</u>, 344 F. Supp. 3d 803, 812 (E.D. Pa. 2018), the Court explained:

> Keyes [plaintiff], however, cannot maintain her constitutional claims against
> Groder[defendant attorney] because he is not a state actor for purposes of §1983.
> <u>See Polk Cty. v. Dodson</u>, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509
> (1981) ("[A] public defender does not act under color of state law when
> performing a lawyer's traditional function as counsel to a defendant in a criminal
> proceeding.") (footnote omitted); <u>Angelico v. Lehigh Valley Hosp. Inc.</u>, 184 F.3d
> 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not
> be considered state actors solely on the basis of their position as officers of the
> court.").

Hence, a public defender is not a "state actor" as he/she does not act "under color of law"

as "within the meaning of §1983." <u>Polk Cty</u>, 454 U.S. at 325; *See also* <u>Manhattan Cty Access</u>

<u>Corp. v. Halleck</u>, 139 S.Ct. 1921, 1929 (2019).  Accordingly, if a public defender is not a "state

actor," then there cannot be any constitutional cause of action made against that attorney.

Sawicki identifies Wencker as working "for the County of Huntingdon under a contract

to provide legal representation for a specified number of indigent criminal defendants…", and

"whose name had been listed as 'court appointed public defender.'" (ECF. No. 1, ¶7).   In other words, Wencker was an assistant public defender. Strangely, Sawicki did identify Wencker as a public defender under the exact facts and circumstances in Sawicki I. (Exhibit "1,"  ¶202).  Any actions and/or inactions by Wencker were not by a public actor, but in his role as a public defender, and as such are comparable to a private attorney.  Therefore, the claims are invalid against Wencker and should be dismissed with prejudice.

**2.    First Amendment Retaliation.**

The elements for a First Amendment Retaliation claim under §1983 are:

(1)   The plaintiff had engaged in conduct that is protected under the First Amendment; (2)  The state – actor defendant took adverse action against the plaintiff "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights;" and (3)  There was a causal connection between the plaintiff's protected activity and the Defendant's adverse action, i.e., the protected conduct was a "substantial or motivating factor" in the Defendant's decision to take action against the plaintiff.

Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (*internal citations and quotations omitted*).

"*De minimis* or trivial acts do not amount to actionable adverse actions."  Schneck v. Saucon Valley Sch. Dist., 340 F. Supp. 2d 558, 569 (E.D. Pa. 2004) (*citing* Brennan v. Norton, 350 F.3d 399, 419 (3d Cir.  2000)).

The argument in Sawicki I was that the County Defendants' retaliatory actions were attempts to deter Sawicki's civil rights litigation **and** discourage her attempt to obtain records from the Borough of Huntingdon to potentially support a civil rights claim against the Borough and  Defendant Wilson. (Exhibit "1," ¶275).   In this current litigation, she is just arguing that it is for  "…retaliatory purposes, with intent to stop her form asking questions and exposing state-sponsored misconduct…"specifically related to the Borough document inquiry.  (ECF No. 1.

¶195).  In Sawicki I, the district court explained in denying Sawicki's reconsideration:

> On January 18, 2024, [this] court dismissed the second amended complaint with prejudice for failure to state a claim….On the First Amendment retaliation claim, after deciding that the activity protected by the First Amendment at issue, was Sawicki requesting records from the Borough, [this] court held that Sawicki had not sufficiently alleged a retaliatory action because, when alleging that a public official influenced a third party to take an action, the allegation of retaliatory conduct must be "of a particularly virulent character" such that a "defendant must 'threaten' or 'coerce' the third party to act."…(citing McLaughlin v. Watson, 271 F.3d 566, 573 (3d Cir. 2001)). … [This] court also found that allegations that the defendants lied throughout the investigatory process were conclusory and did not rise to the level of bringing "governmental authority to bear" against Sawicki. (Id.) (citing Mirabella v. Villard, 853 F.3d 641, 651 (3d Cir. 2017)).

> (Exhibit "5," Pg. 3; Sawicki v. Kipphan, 2024 U.S. Dist. LEXIS 109389, *2-3, 2024 WL 86318, (M.D. Pa. May 17, 2024)(*reconsideration denied*).

Further, in Sawicki I, the First Amendment retaliation arguments were also rejected by

the Third Circuit which held:

> …Sawicki fails to state a First Amendment retaliation claim.  Her allegations boil down to saying that the defendants triggered a state bar investigation to prevent her from litigaring civil-rights cases.  But "[w]hen a public official is sued for allegedly causing a third party to take some type of adverse action against a plaintiff's speech, we have held that defendant's conduct must be of a particularly virulent character." McLaughlin v. Watson, 271 F.3d 566, 573 (3d Cir. 2001). Criticizing the plaintiff or even urging adverse action is not enough; "[r]ather, defendant must 'threaten' or 'coerce' the third party to act." Id. "[I]n the absence of a threat, coercion, or intimidation intimating that punishment, sanction, or adverse regulatory action will follow, such speech does not adversely affect a citizen's First Amendment rights even if defamatory." Id.  (internal quotations marks omitted).

> (Exhibit "6,"  Pg. 4-5); Sawicki v. Kipphan, 2025 U.S. App. LEXIS 10507, *5, 2025 WL 1261780 (3d Cir. May 1, 2025)

Sawicki's laundry lists of "facts" against each of the County Defendants do not satisfy

the necessary standard as set forth in McLaughlin. (Motion to Dismiss ¶¶19-21).  Sawicki

generalizes as to the information provided to the Disciplinary Board investigators by grouping

the County Defendants.  There is nothing to remotely establish the County Defendants' actions

met the necessary level "virulent" behavior.  There is nothing to indicate that the County

Defendants "threatened' or "coerced" the Board to take disciplinary action against Sawicki.  In

fact, it is quite the opposite.  The Report and Recommendations of both the Hearing Committee

and the Disciplinary Board evidence that it was solely Sawicki's actions and testimony that

caused her law license suspension. (Exhibits "*" and "9").   The Report and Recommendations

of the Disciplinary Board of the Supreme Court of Pennsylvania reflected the following findings

regarding Sawicki/Respondent:

> Respondent's warped perception of her ethical obligations does not withstand
> scrutiny and should not be countenanced by the Court.  As an initial matter, even
> if responding Respondent's formulation of Rules 3.1 and 3.3 were to be accepted,
> her conduct plainly violated Rule 8.4(c) – a provision that is cited, but not
> meaningfully developed in Respondent's brief on exceptions.
>
> (See Exhibit "9," Pg. 34).
> ….
>
> In fact, far from alleviating concerns about Respondent's competence, her arguments in
> the disciplinary proceeds raise significant doubts about her grasp of the basic rules of
> procedure…..Having concluded that  Respondent committed multiple ethical violations,
> we turn next to appropriate quantum of discipline to be imposed.
>
> (Id., Pg. 38).
> ….
> Respondent's failure to acknowledge her wrongdoing and take responsibility for
> her actions, under the present circumstances, is a significant factor that compels
> more serious discipline.
>
> (Id., Pg. 47).
>
> Time and again, Respondent left no doubt that, in her view, she was the most
> intelligent and competent person in the room and every person involved in the
> Kissinger matters (except for her) made mistakes and failed to follow the rules. …
> But as noted above, on many (if not all) of these points, it is Respondent that
> misunderstood the rules. At oral argument before the Board, Respondent
> continued to advocate her position that the evidentiary record contained nothing

to indicate that her conduct was other than rule compliant and there was no identifiable misconduct.

(Id., Pg. 48).

….

In short, Respondent was eager to question and criticize the actions of others but never reflected on her own actions in the Kissinger matters.  This, in our view, is a significant aggravating factor under the circumstances.

(Id., Pg. 49).

….

Relatedly, Respondent's failure to consider the impact of her conduct on Mr. Kissinger is a substantial aggravating factor….Respondent described Ms. Kissinger as "fragile," "emotional," and having "diminished capacity" … and as "mentally ill" and "suicidal" …, yet despite these beliefs that Ms. Kissinger was unstable, Respondent continued to badger Ms. Kissinger and meddle in her matters long after Respondent stated she was withdrawing and when Ms. Kissinger had made clear she did not want Respondent representing her. (*citations omitted*).

(Id., Pg. 49).

….

During this disciplinary proceeding, Respondent did not express any remorse for her misconduct, which correlates with her inability to accept that she committed wrongdoing.  Instead, Respondent focused on the effect of the disciplinary proceedings on her and testified that her cognitive health had declined because of the stress of present disciplinary action. … Respondent also testified she would look at her options of practicing law again after the Disciplinary Board "clears me of what you think I've done." *(citations omitted).*

(Id., Pg. 50).

….

Respondent's lack of credibility serves as an aggravating factor. … Although various aspects of Respondent's factual account strain credulity, as described above, her testimony with respect to the November 5 Petition was particularly incredible.  Relatedly, in further aggravation, we consider Respondent's lack of candor. … We find Respondent exhibited a propensity to mischaracterize the facts throughout this proceeding in order to suit her narrative and to shift rationales for her conduct, which actions reflect negatively on her honesty, judgment, and ability to practice law.

(Id., Pg. 50).

….

21

… Respondent filed a frivolous petition containing a false averment, failed to withdraw from Ms. Kissinger's matter, persisted in filing pleadings to the extent that the court ordered her removed from the matters, exhibited a lack of understanding of her responsibilities. Respondent made Ms. Kissinger's matters about herself and failed to grasp that her own actions created chaos and confusion for her client and the court system.

(Id., Pg. 53-54).

It was Sawicki's behavior, attitude, and actions during the disciplinary investigation and her own testimony that resulted in the loss of her license. There are no connections between Sawicki's "protected activity" and the County Defendants' actions during the investigation and/or testimony. Sawicki cannot establish the second and third elements to proceed with a First Amendment retaliation claim. Her lack of candor and legitimacy have been called into question by the federal court in past litigation as a licensed attorney. Thomas v. Duvall, 2022 U.S. Dist. LEXIS 65001, 2022 WL 1046376 (M.D. Pa. 2022). (Exhibit "10"). As a matter of law, Count One - First Amendment Retaliation should be dismissed with prejudice not only due to the procedural deficiencies but also for the above substantive deficiencies that cannot be remedied with an amendment.

**3.    Conspiracy.**

Finally, as to any conspiracy claim (Count Four), Sawicki has not even at this early stage of the litigation any improper actions that would rise to the level of a civil rights violation. To set forth a conspiracy under §1983 the following elements must be established: "(1) the existence of a conspiracy involving state action; and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." Marchese v. Umstead, 110 F. Supp. 2d 361, 371 (E.D. Pa. 2000). A conspiracy claim is only valid or viable if there has been an actual deprivation of a constitutional or federal statutory right. Sweetman v. Borough of Norristown, PA., 554 Fed.

Appx. 86, 90 (3d Cir. 2014) (*citing* <u>Andree v. Ashland Cnty.</u>, 818 F.2d 1306, 1311 (7th Cir. 1987)).  Sawicki alleges that:

> 216.    Defendants acted individually and in concert in furtherance of an evolving common plan to harm Plaintiff, with wrongful intent to deprive her of her constitutional rights under the First, Fifth, and Fourteenth Amendments or in deliberate indifference to those rights.

(ECF No. 1).

Sawicki did not set forth any Fifth Amendment or Fourteenth Amendment violations against the County Defendants.  Even if one assumes such are based upon the claims against the disciplinary Defendants (Ammons and Vance), such claims fail.  There are no valid claims against the County Defendants and/or this litigation against the County Defendants is barred due to procedural issues (collateral estoppel, res judicata and/or statute of limitations). As such, her conspiracy claim fails as a matter of law.

## V.    CONCLUSIONS

For a multitude of reasons set forth herein, it is respectfully requested that this Honorable Court grant this Motion to Dismiss and dismiss with prejudice the County Defendants without affording Sawicki the opportunity to amend since it would be futile.

MARGOLIS EDELSTEIN


By:  /s/ Mary Lou Maierhofer
          **Mary Lou Maierhofer, Esquire**
          PA. I.D. #62175
          *Counsel for Defendants Christopher B. Wencker,*
          *David G. Smith, and Lori Heaton*
          P.O. Box 628
          Hollidaysburg, PA 16648
          (814) 695-5064/ Fax: (814) 695-5066
          mmaierhofer@margolisedelstein.com

## VI.    <u>CERTIFICATIONS</u>

I, Mary Lou Maierhofer, Esquire, of the law firm of Margolis Edelstein, hereby certify that generative AI was not used in the preparation of the Brief in Support of the Motion to Dismiss.

By:  /s/ Mary Lou Maierhofer
**Mary Lou Maierhofer, Esquire**


## <u>CERTIFICATE OF SERVICE</u>

I, Mary Lou Maierhofer, Esquire, of the law firm of Margolis Edelstein, hereby certify that the Brief in Support of the Motion to Dismiss filed on behalf of named Defendants Christopher B. Wencker, David G. Smith, and Loi Heaton was served this **15**[th] day of **October 2024** upon Plaintiff  and counsel of record, through the ECF system.

Marianne Sawicki
600 East Cathedral Road, Apt. G321
Philadelphia, PA 19128
Busia.is.badass@gmail.com

Fred Buck, Esq.
 Rawle & Henderson
 Centre Square West 19th Floor
Philadelphia, PA 19102
 FBuck@rawle.com

Sonya Kivisto, Esq.
Administrative Office of PA   Courts
1515 Market Street
Philadelphia, PA 19102
Sonya.Kivisto@pacourts.us


MARGOLIS EDELSTEIN


By:  /s/ Mary Lou Maierhofer
**Mary Lou Maierhofer, Esquire**
PA. I.D. #62175
*Counsel for Defendants Christopher B. Wencker,*
*David G. Smith, and Lori Heaton*
P.O. Box 628
Hollidaysburg, PA 16648
mmaierhofer@margolisedelstein.com