IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIANNE SAWICKI,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>RICHARD A. WILSON,<br>CHRISTOPHER B. WENCKER,<br>GEORGE N. ZANIC,<br>DAVID G. SMITH,<br>ANGELA ROBINSON,<br>LORI HEATON,<br>GLORIA R. AMMONS, and<br>SHOHIN H. VANCE,<br><br>　　Defendants. | CIVIL DIVISION<br><br>DOCKET NO.: 2:25-cv-04884-GJP<br><br>Honorable Gerald J. Pappert<br><br>ELECTRONICALLY FILED<br><br>JURY DEMAND |

**REPLY TO THE PLAINTIFF'S RESPONSE IN OPPOSITION TO COUNTY DEFENDANTS' MOTION TO DISMISS**

NOW COME Defendants, Christopher B. Wencker, David G. Smith, and Lori Heaton, (collectively the "County Defendants") by and through their counsel, and files this Reply to the Plaintiff's Response in Opposition to County Defendants' Motion to Dismiss of which the following is a statement.

In determining a Rule 12(b)(6) motion, a court is not required to credit or lead credence to "bald allegations" or "legal conclusions." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 905 (3d Cir. 1997). Sawicki's Complaint sets forth two claims against the County Defendants, "*Retaliation for Activity Protected by the First Amendment*" in Count One (ECF No. 1, ¶¶195-198) and "*Conspiracy to Deprive Plaintiff of Federally Protected Rights*" in Count Four. (ECF No. 1, ¶¶212-217). Since there is no basis for any claims whatsoever in the matter sub judice, there is no conspiracy claim and/or Sawicki has failed to set forth any valid such claim.

1

This litigation is a rehash of the Middle District litigation referenced as Sawicki. (ECF No. 19-1 to 19-6). As simply as possible, Sawicki's claims of false, perjured, slanderous and/or libelous statements allegedly associate with the County Defendants lack any basis and are wholly speculative. Even giving deference to Sawicki generalized statements, such cannot support any civil rights claims against the County Defendants. The entire basis for all her claims are non-existent due to the lack of facts by her.

Sawicki knows who initiated the disciplinary inquiry against her and it was not any of the County Defendants. Sawicki knows what was said by Wencker, Smith and Heaton during the disciplinary process as she has all the materials, including statements, transcripts and documents generated during the disciplinary process. (ECF No. 1, ¶¶113.-149; ECF No. 21, Table One, Pg. 16). Yet, she continues to avoid specifically identifying the particulars against each of the County Defendants, and she cannot since there was none that resulted in her discipline as determined in Sawicki I.

Providing information in a disciplinary investigation does not rise to a deterrent level that would satisfy the second element for a First Amendment retaliation claim. Even if the information given by any of the County Defendants was false (*which it was not*), there is nothing to support that these County Defendants' statements resulted in her discipline. (ECF No. 19-8, 19-9). Sawicki's own actions as well as testimony resulted in her discipline. (Id.).

County Defendants in their Motion to Dismiss (ECF No. 19) set forth all the allegations made against each of the County Defendants individually for ease of this Court to understand the lack of facts to support her claims. (ECF No. 19, ¶¶19-21). As to Wencker, she references that Wencker "submitted a written statement" against the "Plaintiff" making "specific allegations" "that he knew to be false" (ECF No. 1, §71); he made "false and damaging statements" against

Sawicki "either verbally or writing or both" when being interviewed by the disciplinary investigators in November 2019 and July 2020. (Id., §93). Wencker "in writing" as to "corroborate[ed] Judge Zanic's spurious accusations with further false statements of his own." (Id., §110); that Wencker "repeated and enlarged upon some of the false information" he provided to the disciplinary investigators during his testimony (Id., §§121-122). Nothing within her Complaint (ECF No. 1) or even in her Response in Opposition to the County Defendants' Motion to Dismiss provided details or identified the false, perjured, slanderous and/or libelous statements. The "falsities" identified by Sawicki as to Wencker relate to a third party (Kissinger):

    a.    Wencker "improperly contacted Kissinger, threatened her with jail, persuaded her that Plaintiff was not her real attorney …" (Id., §87)

    b.    "Wencker falsely stated he represented Kissinger in the Court of Common Pleas" and that he "further falsely claimed that Kissinger had given him certain documents that he actually obtained from Plaintiff." And then she claims that Wencker "falsely attributed to Plaintiff a plan to ask Kissinger to retain her to sue the Borough." (Id., §94, p.)

    c.    She then states that Wencker's "misrepresentations included but are not limited to a false account of an event that never happened: A supposedly hostile confrontation between Plaintiff and members of Mrs. Kissinger's family … – an account that Wencker attributed to Lori Heaton." (Id., §111).

There was nothing in any of those allegations Sawicki set forth that would constitute or even remotely approach a First Amendment Retaliation claim. As to Smith, again her "false" allegations relates to a third party (Kissinger) as Sawicki states:

    a.    Smith sent an "employee" to prevent her from speaking with Kissinger, forced her to leave "the waiting room" and then when she demanded to Smith to "access to her client", he cursed at her. (Id., §§60-62).

    b.    "Smith falsely denied that he caused his employee to physically separate Plaintiff from Kissinger at the courthouse and then cursed at Plaintiff in the courtroom." (Id., §94 d.)

3

There was nothing attributable to Smith that would be false information to form a basis for a First Amendment Retaliation. Sawicki argues Smith spoke with the disciplinary investigators (Id., §§92, 112). However, she does not identify the alleged false, perjured, slanderous and/or libelous statement, thus there is nothing to establish a First Amendment Retaliation.

Sawicki only identified that Heaton had:

a.   … " improperly contacted Kissinger, threatened her with jail, persuaded her that Plaintiff was not her real attorney … (Id., §87).

b.   … "falsely stated that the Plaintiff threatened her on November 7, 2019, before the arraignment and that afterwards Plaintiff verbally withdrew from representing Kissinger, promised never to contact Kissinger again, and then visited Heaton's office in a fit of rage." (Id., §94, f.)

c.   Heaton spoke or provided information during the investigative process. (Id., §§92, 112).

There is nothing improper as alleged by Sawicki that would invoke a basis for a civil rights claim. In summary, Sawicki's generalizations and unsupported accusations against the County Defendants cannot support a civil rights claim against the County Defendants (*or any of the Defendants named in this litigation*).

Sawicki attempts to argue that McLaughlin v. Watson, 271 F.3d 566, 573 (3d Cir. 2001) applies since there was false, perjured, slanderous and/or libelous statements by the County Defendants. There is nothing to substantiate or even infer that the Chaplinsky v. New Hampshire, 315 U.S. 568 (1942) line of cases would apply to the matter *sub judice*. Since she has not identified any improper statements by the County Defendants, Chaplinsky does not apply. However, McLaughlin does apply and Sawicki cannot meet at least the second and third elements. There is no causal connection between the alleged acts by the County Defendants

4

which would have propelled or been the "substantial or motivating factor" in pursuing Sawicki as related to the disciplinary matter.

Finally, a conspiracy claim is only viable if there has been an actual deprivation of a constitutional or federal statutory right. Sweetman v. Borough of Norristown, PA., 554 Fed. Appx. 86, 90 (3d Cir. 2014) (*citing* Andree v. Ashland Cnty., 818 F.2d 1306, 1311 (7th Cir. 1987)). There is no conspiracy except in her mind.

As to the other arguments by Sawicki, the County Defendants rely upon the law and arguments set forth in its initial Motion and Brief. (ECF No. 19 & 20).

## CONCLUSIONS

For the reasons set forth herein as well as in the County Defendants' Motion to Dismiss and Brief in Support, it is respectfully requested that this Honorable Court mercifully dismiss Sawicki's with prejudice. No opportunity to amend should be afforded to Sawicki under the law it would be futile. Sawicki's continued filing of baseless claims against the County Defendants borders on sanctionable behavior.

MARGOLIS EDELSTEIN

By: /s/ Mary Lou Maierhofer
**Mary Lou Maierhofer, Esquire**
PA. I.D. #62175
*Counsel for Defendants, Christopher B. Wencker, David G. Smith, and Lori Heaton*
P.O. Box 628
Hollidaysburg, PA 16648
(814) 695-5064/ Fax: (814) 695-5066

## CERTIFICATION

I, Mary Lou Maierhofer, Esquire, of the law firm of Margolis Edelstein, hereby certify that generative AI was not used in the preparation of the Reply to the Plaintiff's Response in Opposition to County Defendants" Motion to Dismiss.


By:   /s/ Mary Lou Maierhofer
       **Mary Lou Maierhofer, Esquire**

## CERTIFICATE OF SERVICE

I, Mary Lou Maierhofer, Esquire, of the law firm of Margolis Edelstein, hereby certify that the Reply to the Plaintiff's Response in Opposition to County Defendants" Motion to Dismiss filed on behalf of named Defendants Christopher B. Wencker, David G. Smith, and Lori Heaton was served this **3rd** day of **November 2025** upon Plaintiff and counsel of record, through the ECF system.

| | |
|---|---|
| Marianne Sawicki<br>600 East Cathedral Road, Apt. G321<br>Philadelphia, PA 19128<br>Busia.is.badass@gmail.com | Fred Buck, Esq.<br>Rawle & Henderson<br>Centre Square West 19th Floor<br>Philadelphia, PA 19102<br>FBuck@rawle.com<br>*(Counsel for Richard A. Wilson)* |
| Sonya Kivisto, Esq.<br>Administrative Office of PA Courts<br>1515 Market Street<br>Philadelphia, PA 19102<br>Sonya.Kivisto@pacourts.us<br>*(Counsel for George N. Zanic,*<br>*Angela Robinson, Angela R. Ammons*<br>*& Shohin H. Vance)* | |

MARGOLIS EDELSTEIN


By:   /s/ Mary Lou Maierhofer
       **Mary Lou Maierhofer, Esquire**
       PA. I.D. #62175
       *Counsel for Defendants Christopher B. Wencker,*
       *David G. Smith, and Lori Heaton*
       P.O. Box 628
       Hollidaysburg, PA 16648
       mmaierhofer@margolisedelstein.com