# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIANNE SAWICKI | : | CASE NO: |
| | : | 2:25-cv-04884-GJP |
| *Plaintiff,* | : | |
| | : | |
| v s . | : | |
| | : | |
| RICHARD A. WILSON, *et al.* | : | |
| | : | |
| *Defendants.* | : | |

## RICHARD A. WILSON'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO DISMISS

In her response to Mr. Wilson's motion to dismiss, Ms. Sawicki advances a litany of arguments in an effort to avoid the fate that befell her identical filing in the Middle District – dismissal with prejudice affirmed by the Third Circuit. This reply brief will address several of those arguments.

## Exhibits

Ms. Sawicki argues that the court may not consider the exhibits attached to the motion without converting it into one for summary judgment. That is incorrect. Matters of public record may properly be attached to a motion to dismiss to permit the court to take judicial notice of those records. *Schmidt v. Skolas,* 770 F. 3d 241, 249 (3d Cir. 2014). The exhibits submitted by Mr. Wilson in support of his motion to dismiss are all publicly filed legal documents. This includes the Report and Recommendation of the Disciplinary Board which, as the Supreme Court docket

entries reproduced in the text of Ms. Sawicki's brief show, was filed of record in the Supreme Court. *Sawicki Brief (Document 23) at 7.*

## McLaughlin Standard

Ms. Sawicki, for the first time ever, argues that *McLaughlin v. Watson,* 271 F. 3d 566 (3d Cir. 2001) is not applicable because the statements made by Mr. Wilson to the Disciplinary Board were defamatory and therefore not entitled to First Amendment protection. From that she argues that the *McLaughlin* standard requiring "threats" or "coercion" is inapplicable as it is based on a balancing of the First Amendment interests of both the party alleging retaliation for his speech and the official who allegedly retaliated with his own speech. *Sawicki Brief (Document 23) at 12-14.* This argument fails for several fundamental reasons. First, claim preclusion "refers to the preclusive effect of a judgment in foreclosing litigation of matters *that should have been raised in an earlier suit." Migra v. Warren City School District Board of Education,* 465 U.S. 75, 77 n.1, 104 S.Ct. 892, 79 L.Ed. 2d 56 (1984) (emphasis supplied). Ms. Sawicki never raised this argument in *Sawicki I* despite having numerous opportunities to do so - in her opposition to Mr. Wilson's motion to dismiss the second amended complaint, in her motion for reconsideration of Judge Wilson's order dismissing her second amended complaint, or on appeal in the Third Circuit. She thus had a full and fair opportunity to have this argument adjudicated in

*Sawicki I* and she failed to raise it. She cannot file a second, identical action in a different venue and belatedly seek to litigate that issue.

Second, nothing in *McLaughlin* supports Ms. Sawicki's argument that defamatory statements present an exception to the threats or coercion standard. While the Court acknowledged the role the official's first amendment rights played in its analysis, it did not decide or even suggest that defamatory statements fall outside of its holding. The Court relied extensively on *Suarez Corporation Industries v. McGraw,* 202 F. 3d 676 (4th Cir. 2000) in which the Fourth Circuit stated:

> Thus, where a public official's alleged retaliation is in the nature of speech, in the absence of a threat, coercion or intimidation intimating that punishment sanction or adverse regulatory action will follow, such speech does not adversely affect a citizen's First Amendment rights *even if defamatory.*

202 F. 3d at 687 (emphasis supplied). In the only case relied upon by Ms. Sawicki, *Echols v. Lawton,* 913 F. 3d 1313 (11th Cir. 2019), the Court noted that three other Circuits had declined to adopt the defamation exception espoused in its decision. 913 F. 3d at 1322. There is no precedential authority from the Third Circuit and sparse authority elsewhere supporting the gloss that Ms. Sawicki attempts to put on *McLaughlin*.

Finally, Ms. Sawicki does not specify in any factual detail the alleged lies and defamatory statements made by Mr. Wilson to the Disciplinary Board. Her reliance on *Echols v. Lawton* highlights the significance of this omission relative to her ability

3

to state a claim for first amendment retaliation. In *Echols,* the Court reviewed the District Court's dismissal of a complaint for First Amendment retaliation under Fed. R. Civ. P. 12(b)(6). In determining that Mr. Lawton's statements to several State legislators were defamatory *per se* the Court of Appeals had the benefit of the exact statements made by Mr. Lawton because they were included in Mr. Echols' complaint. 913 F.3d at 1318. That is not the case here. Ms. Sawicki makes only conclusory allegations of lies and defamatory communications which are utterly lacking in factual detail. Those allegations are not plausible under *Twombly* and *Iqbal* because they find no factual support in the complaint. Because of the complaint's lack of factual detail, this court, unlike the court in *Echols,* is foreclosed from addressing whether the statements attributed to Mr. Wilson could even be construed as defamatory.

## <u>Identity of Issues</u>

Ms. Sawicki argues that the issues presented in this matter differ from the issues presented in *Sawicki I* because *Sawicki I* involved only matters arising before May 31, 2023, when the second amended complaint was filed. *Sawicki Brief (Document 23) at 15-16*. This argument, in a different context, was advanced by Ms. Sawicki and rejected by both the District Court and Court of Appeals in *Sawicki I.* After subjecting the parties to the burden and expense of defending against her claims for over two years, Ms. Sawicki suddenly announced that the court never had

4

subject matter jurisdiction over those claims because they did not arise until the Supreme Court imposed discipline on December 22, 2023. The District Court, charitably describing this argument as "perplexing," rejected it on the grounds that Ms. Sawicki's claims arose when the alleged constitutional violation occurred not when the Supreme Court imposed discipline. *Exhibit 5 at 6-8.* The Court of Appeals affirmed Judge Wilson's determination on that basis. *Sawicki v. Kipphan,* 2025 U.S. App. LEXIS 10507 * 4 (3d Cir. 2025).

Ms. Sawicki's argument here is virtually identical to the "perplexing" claim she belatedly and unsuccessfully advanced in *Sawicki I.* The constitutional violation she alleges against Mr. Wilson is that he conspired with others destroy her client relationship with Ms. Kissinger and to trigger a Disciplinary Board investigation to protect Huntingdon Borough and to destroy her law practice as an advocate for civil rights. *Complaint (Document 1) ¶¶21-48; 72-94.* The violative conduct alleged against Mr. Wilson all occurred in 2019 and 2020 well before the second amended complaint was filed on May 31, 2023. It was that conduct that both Judge Wilson and the Court of Appeals determined was insufficient to state a constitutional violation against Richard Wilson and it is that same alleged conduct that forms the predicate for Ms. Sawicki's claims against Mr. Wilson in this matter.

## Rule of Disciplinary Enforcement 209(b)

Pennsylvania Rule of Disciplinary Enforcement 209(b) provides that "[a]ll communications to the Board" are absolutely privileged. On its face, the rule immunizes Mr. Wilson from civil liability for any statements he made to the Disciplinary Board. Relying on *Felder v. Casey,* 487 U.S. 131, 108 S.Ct. 2302, 101 L. Ed. 2d 123 (1988) Ms. Sawicki argues that the immunity afforded by Rule 209(b) is pre-empted by 42 U.S.C. §1983. That argument is fundamentally incorrect. *Felder* held only that §1983 preempted a Wisconsin statute's notice requirements for tort claims against municipalities. The basis for the court's decision was that application of the Wisconsin statute burdened the exercise of the federal right "by forcing civil rights victims who seek redress in state courts to comply with a requirement that is entirely absent from civil rights litigation in federal courts" and that the enforcement of such a notice provision "will frequently and predictably produce different outcomes in federal civil rights litigation based solely on whether that litigation takes place in state or federal court." 487 U.S. at. 141.

Rule 209(b) is not a statutory limitation on state law causes of action against parties who may be "persons" when sued in federal court in a civil rights action. The Rule provides the same absolute immunity in Disciplinary Board investigations and proceedings as does Pennsylvania's common law judicial proceeding privilege under which "[a]ll communications pertinent to any stage of a judicial proceeding

are accorded an absolute privilege which cannot be destroyed by abuse" *Weinik v. Temple University,* 2020 U.S. Dist. LEXIS 121340 \*14 (E.D. Pa. 2020)*, citing Binder v. Triangle Publications, Inc.,* 442 Pa. 319, 275 A. 2d 53, 56 (1971*).*

The Supreme Court and the Third Circuit have upheld the application of state common law witness immunity in civil rights actions brought under §1983. *Briscoe v. Lahue,* 460 U.S. 325, 103 S.Ct. 1108, 75 L. Ed. 2d 96 (1983)*; Williams v. Hepting,* 844 F. 2d 138 (3d Cir. 1988)*, cert. denied,* 488 U.S. 85, 109 S. Ct. 135, 102 L.Ed. 2d 107 (1988)*.* (Absolute witness immunity bars a §1983 action against a witness who testifies at a trial or pretrial proceeding). It is nonsensical to suggest, as does Ms. Sawicki, that the common law judicial proceeding privilege immunizes a party from §1983 liability but a Rule adopted by the Pennsylvania Supreme Court to make explicit the privilege's application in Disciplinary Board investigations and hearings is preempted by that same statute.

Common law witness immunity and the immunity afforded by Rule 209(b) are both grounded on the long-established principle that "the claims of the individual must yield to the dictates of public policy which requires that the paths which lead to the ascertainment of truth should be left as free and unobstructed as possible." *Briscoe* 460 U.S. at 332-33 citing *Calkins v. Sumner,* 13 Wis. 193, 197 (1860). Like the common law doctrine of witness immunity, Rule 209(b) is intended to promote the truth-seeking function of the Disciplinary Board by encouraging full and

complete disclosures by witnesses without fear of the type of reprisals Mr. Wilson and the other defendants are facing here. Mr. Wilson and many of the other defendants are being sued because they fulfilled their ethical responsibilities as officers of the court to cooperate with the Disciplinary Board in its investigation and proceedings. This case is a paradigm of the abusive conduct that Rule 209(b) is designed to prevent.

## Conclusion

Ms. Sawicki "may not use this lawsuit as a vehicle to relitigate identical issues" from *Sawicki I. Hatchigian v. Whelan, 2025 U.S. Dist. LEXIS 193059 *3 (E.D. Pa. 2025).* Claim and issue preclusion aside, her complaint yet again fails to set forth legally valid claims. The complaint should be dismissed with prejudice.

**RAWLE & HENDERSON** LLP

By:_____

       Fred B. Buck, Esquire
       Identification No. 31642
       Centre Square West, 19th Floor
       1500 Market Street
       Philadelphia, PA 19102
       215-575-4200
       fbuck@rawle.com
       *Attorney for Defendant,*
       *Richard A. Wilson*

Date: November 5, 2025.

## **<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true and correct copy of Richard A. Wilson's reply brief in support of motion to dismiss complaint for failure to state a claim was filed electronically with the Clerk of the District Court using its CM/ECF system, which will electronically notify counsel all of whom are CM/ECF participants.

**RAWLE & HENDERSON LLP**

By:_____
       Fred B. Buck, Esquire
       Identification No. 31642
       Centre Square West, 19th Floor
       1500 Market Street
       Philadelphia, PA  19102
       215-575-4200
       fbuck@rawle.com
       *Attorney for Defendant,*
       *Richard A. Wilson*

Date: November 5, 2025.