**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MARIANNE SAWICKI,

        *Plaintiff,*

    v.

RICHARD A. WILSON, et al.,

        *Defendants.*

CIVIL ACTION
NO. 25-4884

**Pappert, J.**                                   **May 11, 2026**

<u>**MEMORANDUM**</u>

For the past four years, *pro se* plaintiff and former attorney Marianne Sawicki has tried, in two unsuccessful lawsuits, to state claims against numerous local officials who purportedly conspired to destroy her legal practice.  Both times, she propounded implausible and outlandish theories about officials fabricating evidence, making false statements, and colluding to deceive the Disciplinary Board of the Supreme Court of Pennsylvania in proceedings against her.  Judge Wilson in the Middle District of Pennsylvania and this Court dismissed her claims with prejudice, and the Third Circuit Court of Appeals affirmed both decisions and denied her petitions for rehearing en banc.  While the litigation was ongoing, the Supreme Court of Pennsylvania suspended Sawicki from the Pennsylvania Bar for a year and a day for various ethical violations.

After the Court dismissed this lawsuit with prejudice, Richard Wilson moved for attorney's fees and costs under 42 U.S.C. § 1988.  Sawicki opposed the motion and requested the Court order Wilson to show cause why he should not be sanctioned under Federal Rule of Civil Procedure 11.  The Court grants Wilson's motion for attorney's fees and denies Sawicki's request for sanctions.

I

Five separate decisions have recounted this case's tortured history.  *See Sawicki v. Kipphan* (*Sawicki I*), No. 21-CV-2031, 2023 WL 3061850, at *1–5 (M.D. Pa. Apr. 24, 2023); *Sawicki I*, No. 21-CV-2031, 2024 WL 197637, at *1–5 (M.D. Pa. Jan. 18, 2024); *Sawicki I*, No. 24-2033, 2025 WL 1261780, at *1–2 (3d Cir. May 1, 2025); *Sawicki v. Wilson* (*Sawicki II*), No. 25-4884, 2025 WL 3637995, at *1–2 (E.D. Pa. Dec. 15, 2025); *Sawicki II*, No. 25-2381, 2026 WL 413181, at *1 (3d Cir. Feb. 13, 2026).  Sawicki, a solo civil rights attorney in Huntingdon County, defended Barbara Kissinger against a civil lien.  (Compl. ¶¶ 5, 29, 44, Dkt. No. 1).  In 2019, the Borough allegedly demolished Kissinger's house without providing her notice, exposing it to massive liabilities.  *See* (*Id.* ¶¶ 30–31).  Sawicki sent emails to the Borough, copying Solicitor Richard Wilson, in which she requested records related to the demolition.  (*Id.* ¶ 24.)  Wilson then called Sawicki about "the possibility of litigation" over the demolition and "became alarmed" by her answers.  (*Id.* ¶¶ 46–48.)  Fearing what her requests could reveal, he purportedly enlisted the other defendants[1] in a scheme to decimate her legal practice and invalidate her law license.  *See* (*Id.* ¶¶ 48, 195, 212).

Sawicki's remaining allegations about Wilson were implausible, irrelevant or conclusory.  The two attended a hearing in which Judge George Zanic disparaged her.  (*Id.* ¶¶ 77–78.)  She served discovery requests on Wilson related to the demolition, and he supposedly asked District Attorney David Smith "to help him conceal the fact that the requested records did not exist."  *See* (*Id.* ¶¶ 82–84).  Somehow, Wilson "contacted Kissinger, threatened her with jail, persuaded her that [Sawicki] was not her real

---

[1]     Those defendants are Christopher Wencker, Judge George Zanic, David Smith, Angela Robinson, Lori Heaton, Gloria Ammons and Shohin Vance.  *Sawicki II*, 2025 WL 3637995, at *1.

attorney, and procured [her] signature on a notice" that he attached to a motion to stay the proceedings against the Borough.  (*Id.* ¶ 87.)  He repeated "falsehoods" about Sawicki during the disciplinary proceedings, *see* (*id.* ¶¶ 92, 94), and "urg[ed]" Disciplinary Counsel Gloria Ammons to pursue the case against her, *see* (*id.* ¶ 112).

II

A

Section 1988(b) provides that "[i]n any action or proceeding to enforce a provision of sections [1983 or 1985] . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."  42 U.S.C. § 1988(b).  Where a defendant is a "prevailing party," the Court applies a "more stringent" standard than that for prevailing plaintiffs.  *Barnes Found. v. Township of Lower Merion*, 242 F.3d 151, 157–58 (3d Cir. 2001) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)).  To succeed, a prevailing defendant must show "the plaintiff's action was frivolous, unreasonable, or without foundation."  *Id.* at 158 (quoting *Christiansburg Garment Co.*, 434 U.S. at 416–17).  That does not require "subjective bad faith," but the Court must "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, [her] action must have been unreasonable."  *Id.* (quoting *Christiansburg Garment Co.*, 434 U.S. at 421–22).

The Third Circuit Court of Appeals uses several factors in making this determination, including whether: (1) the plaintiff established a *prima facie* case, (2) the defendant offered to settle, (3) the trial court dismissed the case prior to trial, (4) the question in issue was "one of first impression requiring judicial resolution," (5) the

3

controversy is "based sufficiently upon a real threat or injury" to the plaintiff, (6) the

trial court has made a finding that the suit was frivolous under the *Christiansburg*

guidelines and (7) the record supports such a finding. *See id.* These factors are not

dispositive, and the Court should make determinations "on a case by-case basis." *Id.*

(citation omitted).

B

Section 1988(b) applies because Sawicki brought §§ 1983 and 1985 claims

against Wilson, (Compl. at 28, 31), and he was a "prevailing party," *see* (Dec. 16, 2025

Ord., Dkt. No. 32); (Feb. 13, 2026 J., Dkt. No. 39).

Every relevant factor favors awarding attorney's fees to Wilson. First, Sawicki

never established—much less plausibly alleged—a *prima facie* case against him. None

of her nonconclusory allegations indicated he threatened, coerced or conspired with

anyone. *Sawicki II*, 2025 WL 3637995, at *6–7; *see also Beam v. Downey*, 151 F. App'x

142, 144 (3d Cir. 2005) (affirming attorney's fee award where the plaintiff alleged

claims "without any grounds for support"). Second, nothing in the record shows Wilson

offered to settle the case. Third, the Court dismissed the case well before trial because

her "implausible and conclusory assertions fail[ed] to state claims upon which relief

could be granted." *Sawicki II*, 2025 WL 3637995, at *1; *see also Arneault v. O'Toole*,

718 F. App'x 148, 150, 152 (3d Cir. 2017) (affirming attorney's fee award where, among

other things, the district court dismissed the complaint with prejudice).

Fourth, this case was not one of first impression. Judge Wilson dismissed nearly

identical claims in *Sawicki I.* There, Sawicki alleged the same causes of action,

*compare* (Compl. at 28, 31) *with* (Wilson's Mot. to Dismiss, Ex. "1," *Sawicki I* Second

4

Am. Compl. at 86, 89, Dkt. No. 22-2), sought the same relief, *compare* (Compl. at 32) *with* (*Sawicki I* Second Am. Compl. at 89–90), and relied on similar allegations against Wilson, *compare* (Compl. ¶¶ 12, 24, 29–31, 34, 46–48, 77, 82–88, 92, 94) *with* (*Sawicki I* Second Am. Compl. ¶¶ 45, 57, 86–90, 102–03, 110, 112, 117, 119, 127, 134, 139–40, 178, 204–05, 209, 236–38).  The only difference here is an implausible allegation that Wilson spoke with Ammons "on multiple occasions" about the proceedings and "urg[ed]" her to discipline Sawicki.  (Compl. ¶ 112.)

Sawicki believes she "set forth a plausible and well-reasoned argument" that Third Circuit precedent was "inapposite" to her claims.[2]  (Pl.'s Resp. in Opp'n at 10, Dkt. No. 37.)  She is incorrect.  Judge Wilson and the Third Circuit rejected her claims because she never alleged the defendants "'threaten[ed]' or 'coerce[d]'" anyone.  *Sawicki I*, 2024 WL 197637, at *8–9 (quoting *McLaughlin v. Watson*, 271 F.3d 566 (3d Cir. 2001)); *Sawicki I*, 2025 WL 1261780, at *2 (citation omitted).  So Sawicki "knew or should have known the legal or evidentiary deficiencies of [her] claim[s]" by the time she filed this lawsuit.  *Brown v. Borough of Chambersburg,* 903 F.2d 274, 277 (3d Cir. 1990).  Yet she went to a different federal court and tried, once more, to relitigate the same issue.  *Sawicki II*, 2025 WL 3637995, at *6; *Sawicki II*, 2026 WL 413181, at *2.

Fifth, her claims were not "sufficiently" based on a real injury.  *Barnes Found.*, 242 F.3d at 158.  Her only nonconclusory and plausible allegations against Wilson were:

---

[2]    Sawicki argued that *McLaughlin v. Watson*, 271 F.3d 566 (3d Cir. 2001) didn't apply to defamatory statements.  (Pl.'s Resp. in Opp'n to Mot. to Dismiss at 17–19, Dkt. No. 23.)  *McLaughlin* itself rejected that argument, *see* 271 F.3d at 573, as has the Third Circuit multiple times since then, *see, e.g.*, *Sawicki I*, 2025 WL 1261780, at *2; *Noonan v. Kane*, No. 20-3610, 2022 WL 2702153, at *6 (3d Cir. July 12, 2022); *Conrad v. Pa. State Police*, 902 F.3d 178, 182–83 (3d Cir. 2018); *Shutt v. Miller*, 724 F. App'x 112, 114 (3d Cir. 2018); *Schleig v. Borough of Nazareth*, 695 F. App'x 26, 32 (3d Cir. 2017); *cf. Tarter v. Raybuck*, 742 F.2d 977, 987 (6th Cir. 1984) (reversing an award of attorney's fees because the legal issue was "not a well settled area of the law in the country or in this circuit").

- She copied him on emails and sent him discovery requests related to the Borough demolishing Kissinger's house.

- He called her about the "possibility of litigation" against the Borough and "became alarmed" by her answers.

- He represented the Borough in a hearing where Judge Zanic "ridiculed" her.

- He testified against her at the disciplinary proceedings.

(Compl. ¶¶ 24, 46–48, 77, 94.)  None of those assertions, even if true, suggest he retaliated against her for exercising her First Amendment rights or conspired with the other defendants to do so.  *See Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 503 (3d Cir. 1991) (affirming attorney's fees award where the claims raised were "utterly without basis"); *Ulman v. Superior Ct. of Pa.*, 603 F. App'x 77, 80 (3d Cir. 2015) (affirming attorney's fees award where a *pro se* plaintiff did not allege a plausible conspiracy, show a real threat of injury, or point to any issues of first impression).

Sixth, the Third Circuit noted in *Sawicki I* that "[o]n these facts, the District Court could have found the lawsuit frivolous and awarded attorney's fees."[3]  2025 WL 1261780, at \*2.  "[R]epeated attempts by [Sawicki] to bring a claim previously found to be frivolous militates in favor of awarding attorney's fees to [Wilson]."  *Miller v. L.A. Cnty. Bd. of Educ.*, 827 F.2d 617, 620 (9th Cir. 1987).

Finally, the record supports a finding of frivolity.  Sawicki practiced law in Pennsylvania for ten years before the Supreme Court suspended her license.  (Compl. ¶ 5.)  She "was widely known to be the only attorney in Huntingdon County who filed

---

[3]    The Third Circuit found Judge Wilson did not abuse her discretion in denying attorney's fees "given Sawicki's mental impairments."  *Sawicki I*, 2025 WL 1261780, at \*2.  Sawicki has since disputed that characterization.  *See* (*Sawicki I*, Pet. for Reh'g En Banc at 10 n.6, 15, Dkt. No. 58).

civil-rights claims in federal court" and used "[a]wards from successful litigation" to start her own practice.  (*Id.*)  So Sawicki in particular should have known the "legal or evidentiary deficiencies of [her civil rights] claim[s]." *Brown,* 903 F.2d at 277.  Still, she tried—five times—to state nearly identical claims against Wilson.  *See Sawicki I*, 2024 WL 3066936, at *1 (M.D. Pa. May 17, 2024) (noting that Sawicki filed three complaints against Wilson); May 17, 2024 Ord. at 4, *Sawicki I*, Dkt. No. 135 (rejecting Sawicki's proposed third amended complaint); *Sawicki II*, 2025 WL 3637995, at *1 (dismissing the Complaint); *see also Fox v. Vice*, 563 U.S. 826, 836 (2011) ("[T]he relevant purpose of § 1988 is to relieve defendants of the burdens associated with fending off frivolous litigation.").[4]

### III

Sawicki requests the Court order Wilson to show cause why he should not be sanctioned under Federal Rule of Civil Procedure 11(b)(3).  Rule 11(b)(3) imposes an affirmative duty on attorneys to conduct a reasonable inquiry into factual contentions and denials of factual contentions before filing any document with the Court.  *See* Fed. R. Civ. P. 11(b); *see also Bus. Guides, Inc. v. Chromatic Commc'ns Ents., Inc.*, 498 U.S. 533, 551 (1991). In deciding whether to impose Rule 11 sanctions, a court must determine whether the attorney's conduct was reasonable under the circumstances. *See Bus. Guides, Inc*, 498 U.S. at 551.  Reasonableness is "objective knowledge or belief

---

[4]   Wilson claims the "reasonable estimate of the amount of fees and costs sought in this motion . . . is $7,500." (Mot. for Att'y's Fees at 2, Dkt. No. 33.)  But in requesting attorney's fees, "specificity is critical." *United Auto. Workers, Loc. 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 291 (3d Cir. 2007) (citation omitted).  Wilson must "submit evidence supporting the hours worked and rates claimed," *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), and Sawicki must have the opportunity to "object with sufficient specificity to the request," *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005).

7

at the time of the filing of the challenged paper" that the claim is well-grounded in law and fact. *Ford Motor Co. v. Summit Motor Prod., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991).

Sawicki takes issue only with Wilson saying she "'fashions herself as an experienced and accomplished litigator' and 'an avowed expert in civil rights and constitutional litigation.'" (Pl.'s Resp. in Opp'n at 11 (quoting Mot. for Att'y's Fees at 5–6).) Neither statement warrants Rule 11 sanctions.

An appropriate Order follows.

BY THE COURT:


*/s/ Gerald J. Pappert*

Gerald J. Pappert, J.