**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARIANNE SAWICKI, | |
| *Plaintiff,* | CIVIL ACTION |
| v. | NO. 25-4884 |
| RICHARD A. WILSON, et al., | |
| *Defendants.* | |

**Pappert, J.**                                                    **June 23, 2026**

**<u>MEMORANDUM</u>**

*Pro se* plaintiff and former attorney Marianne Sawicki lost her frivolous civil rights lawsuit against numerous local officials in Huntingdon County. One of those officials, Solicitor Richard Wilson, sought attorney's fees under 42 U.S.C. § 1988, which the Court granted. Sawicki now moves for reconsideration, and the Court denies the motion.

I

As an initial matter, Sawicki argues the Court "prematurely" granted Wilson's motion for attorney's fees. (Pl.'s Br. at 5, Dkt. No. 42.) The day after the Court did so, she received an extension to file a petition for a writ of *certiorari* in the Supreme Court of the United States. *See Sawicki v. Wilson*, No. 25-3581 (May 15, 2026), www.supremecourt.gov/docket/docketfiles/html/public/25A1258.html (last visited June 22, 2026). Citing Local Rule of Civil Procedure 54.1(a)(2), she says "[a] motion for fees and costs cannot be resolved during the pendency of a cert petition." (*Id.*)

Sawicki is mistaken. Local Rule 54.1(a)(2) applies to "[a]ny party requesting taxation of costs by the Clerk." E.D. Pa. Loc. R. Civ. P. 54.1(a)(1). "No costs will be

1

taxed during the pendency of any appeal, motion for reconsideration, or motion for a new trial. . . . The same procedures apply if a party files a petition for a writ of *certiorari*." *Id.* 54.1(a)(2). Neither applies here. Wilson never submitted a bill of costs with the Clerk of Court, nor has Sawicki filed a petition for a writ of *certiorari*. [1]

## II

Under Federal Rule of Civil Procedure 59(e), a motion for reconsideration to alter or amend a judgment should be granted only where the moving party shows: "(1) an intervening change in the controlling law, (2) the availability of new evidence that was not available when the court [made its initial decision] or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *United States ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 848–49 (3d Cir. 2014) (citation modified and omitted). Reconsideration "should be granted sparingly" because "federal courts have a strong interest in the finality of judgments." *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995). A losing party cannot use such a motion to "relitigate old matters, raise argument, or present evidence that could have been raised prior to the entry of judgment." *Boretsky v. Governor of N.J.*, 433 F. App'x 73, 78 (3d Cir. 2011) (quoting *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009)).

Sawicki only relies on (3). *See* (Pl.'s Br. at 6–14). She cites four purported legal and factual errors, none of which warrant reconsideration.

---

[1] Sawicki's appeal did not deprive the Court of jurisdiction because "the district court retain[s] jurisdiction to . . . review applications for attorney's fees." *Sheet Metal Workers' Ass'n Loc. 19 v. Herre Bros., Inc.*, 198 F.3d 391, 394 (3d Cir. 1999).

1

Sawicki first believes the Court incorrectly found her claims frivolous based on "non-precedential construals of *McLaughlin*" that "deviate from Supreme Court precedent and depart from the consensus of sister circuits." (*Id.* at 7.) She says "it is unknown whether Plaintiff's position may turn out to be correct" given that she is currently seeking "*certiorari* on that very question." (*Id.*)

None of those arguments succeed because Sawicki already made them—at least twice. *See Sawicki v. Wilson* (*Sawicki II*), No. 25-4884, 2026 WL 1283770, at *2 (E.D. Pa. May 11, 2026). As she acknowledges, "[t]he Court is not seeing this argument for the first time." (Pl.'s Br. at 7.) Judge Wilson in the Middle District of Pennsylvania and the Third Circuit Court of Appeals rejected her claims because she never alleged the defendants "'threaten[ed]' or 'coerced'" anyone. *See id.* (citation omitted). Yet Sawicki "went to a different federal court and tried, once more, to relitigate the same issue." *See id.*, at *2 & n.2 (collecting cases repudiating Sawicki's position).[2] The Court won't entertain her attempts to do so again.

Most importantly, Sawicki's assertions have no bearing on the six other factors favoring attorney's fees. *See id.*, at *2–3.

2

Sawicki next contends Wilson "incurs liability through the misconduct of co-conspirators." (Pl.'s Br. at 8.) She cites no Third Circuit precedent for that proposition and tries to map on "tort principles" to First Amendment retaliation under

---

[2]    Sawicki makes much of the fact that several of the cited cases are nonprecedential opinions. (Pl.'s Br. at 7.) Such opinions are still "persuasive authorities," *James v. N.J. State Police*, 957 F.3d 165, 170 (3d Cir. 2020), and, regardless, *McLaughlin* was precedential.

42 U.S.C. § 1983. *See* (*Id.* at 9–10). She then accuses the Court of making several factual misrepresentations, such as "materially misquoting" portions of the Complaint and "omit[ting] the critical factor[s] of timing" for her conspiracy allegations. *See* (*Id.*).

Again, Sawicki seeks to relitigate issues—in her words—"the Court is not seeing for the first time." (*Id.* at 10.) Her conspiracy claim required an underlying constitutional deprivation. *See Sawicki II*, 2025 WL 3637995, at *7 (E.D. Pa. Dec. 15, 2025) (citing *Black v. Montgomery County*, 835 F.3d 358, 372 n.14 (3d Cir. 2016)), *aff'd* 2026 WL 413181 (3d Cir. Feb. 13, 2026). But "[n]one of her nonconclusory allegations indicated [Wilson] threatened, coerced or conspired with anyone." *Id.*, 2026 WL 1283770, at *2. Her "implausible and conclusory assertions fail[ed] to state claims upon which relief could be granted." *Id.*

Her accusations about the Court misrepresenting the Complaint are likewise without merit. Her allegations about Wilson's beliefs, motivations, or purported communications with Judge Zanic and District Attorney David Smith were implausible, conclusory or irrelevant. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As for her few factual allegations against Wilson, she stated:

- Plaintiff requested further records in an exchange of emails with the Borough secretary between November 3 and the morning of November 5, 2019. Solicitor Wilson was copied on the emails.

- About 9:30 a.m. on [November 6, 2019], Solicitor Wilson phoned Plaintiff to discuss the Kissinger matter and Borough's lien against Kissinger's remaining property, then a vacant lot. . . . In the same phone call, Wilson questioned Plaintiff about the possibility of litigation over the seizure and demolition of the house.

- On [November 12, 2019,] Plaintiff represented Mrs. Kissinger at a hearing in the lien case, during which Wilson represented Borough. . . . The transcript of the November 12 hearing shows that Judge Zanic ridiculed Plaintiff from the bench, repeatedly

4

interrupted and bullied her, and denied her motion to amend the petition that he had irregularly required her to file on November 5 supposedly as a prerequisite to entertaining the motion that he ultimately declined to hear on that day.

- Wilson falsely stated [in a document the Disciplinary Board considered] that Borough afforded Kissinger the requisite due process before razing her house and that he properly filed, served, and amended the lien.

(Compl. ¶¶ 24, 46–47, 77–78, 94, Dkt. No. 1.)  The Court summarized those convoluted allegations and held "[n]one of [them], even if true, suggest [Wilson] retaliated against her for exercising her First Amendment rights or conspired with the other defendants to do so." *Sawicki II*, 2026 WL 1283770, at *3.

Finally, Sawicki takes issue with the Court mistakenly saying she brought a claim under 42 U.S.C. § 1985.  *See* (Pl.'s Br. at 10–11).  She cannot fault the Court for her poor drafting.  The Complaint does not list any statutory provision for each count, *see* (Compl. at 28–31), and § 1985 applies to conspiracy to interfere with civil rights, which is what Sawicki alleges, *see* (*id.* ¶¶ 211–17); *see also United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.").  In any event, her implausible and conclusory allegations did not state a claim for conspiracy under § 1983.  *See Sawicki II*, 2026 WL 1283770, at *2–3; *see also id.*, 2025 WL 3637995, at *6 (rejecting her conspiracy claim under § 1983).

3

Sawicki also thinks the Court "disregard[ed]" her due process claims against Wilson—even though she never brought any such claims against him.  *See* (Pl.'s Br. at

11).  Although she only alleged those claims against Disciplinary Counsel Gloria Ammons and Disciplinary Board member Shohin Vance, *see* (Compl. at 29–31), she tries to impute their conduct to Wilson because he is purportedly vicariously liable for their actions, *see* (Pl.'s Br. at 11).

Sawicki is incorrect for three reasons.  First, the Court considered and rejected her arguments.  *See Sawicki II*, 2026 WL 1283770, at *2–3.  Second, her due process claims were implausible and conclusory.  *See id.*  Third, vicarious liability "is inapplicable to . . . § 1983 suits."  *Iqbal*, 556 U.S. at 676.  Sawicki must "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Id.*  Wilson is not responsible for Ammons's and Vance's purported due process violations and, regardless, the Complaint never lists him as a defendant or alleges his misconduct in Counts II or III.  *Compare* (Compl. at 29–31 (suing Ammons and Vance and only alleging their conduct)) *with* (*id.* at 28, 31 (suing "all defendants" and alleging their conduct)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . .").

4

Sawicki finally complains about the Court describing her claims as "nearly identical" to those she brought in *Sawicki I*.  *See* (Pl.'s Br. at 14).  The last amended pleading in that case was on May 31, 2023, and her allegations include conduct beyond that date.  *See* (*Id.*).

Again, she is wrong.  She recognizes that "[t]he Court is not seeing this argument for the first time," (*id.*), because she already made these same unsuccessful

points months earlier, *see Sawicki II*, 2026 WL 1283770, at \*2.  This case "was not one of first impression."  *Id.*  She twice "alleged the same causes of action, sought the same relief, and relied on similar allegations against Wilson."  *Id.* (citation modified).  And her plausible allegations against him occurred well before May of 2023.  (Compl. ¶¶ 24, 46–47, 77–78, 94.)

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*

Gerald J. Pappert, J.