**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARIANNE SAWICKI, | |
| *Plaintiff,* | CIVIL ACTION |
| v. | NO. 25-4884 |
| RICHARD A. WILSON, et al., | |
| *Defendants.* | |

Pappert, J.                                                                                   July 20, 2026

### MEMORANDUM

The Court ordered *pro se* plaintiff and former attorney Marianne Sawicki to pay Richard Wilson $9,101.00 for her frivolous civil rights lawsuit against him.  She now moves to stay that order pending appeal.  The Court denies the motion.

I

In considering whether to grant a stay pending appeal, district courts consider whether: (1) the stay applicant has made a strong showing of likelihood of success on the merits, (2) the applicant will be irreparably injured absent a stay, (3) issuing the stay will substantially injure the other parties interested in the proceeding and (4) the public interest favors a stay.  *Nken v. Holder*, 556 U.S. 418, 434 (2009).  The first two factors are "the most critical," and "both are necessary" for a stay to issue.  *In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015) (citation omitted).

A

Sawicki argues the Court should stay its June 25 Order pending two separate appeals.  First, she says she will soon file a petition for a writ of *certiorari* to the Supreme Court of the United States based on the Third Circuit Court of Appeals

1

summarily affirming this Court's decision to dismiss her lawsuit with prejudice. Second, she purportedly plans on appealing to the Third Circuit this Court's award of attorney's fees to Richard Wilson under 42 U.S.C. § 1988. Neither of those arguments succeed.

1

To grant a stay pending a petition for a writ of *certiorari*, a stay applicant must show "it is reasonably likely that four Justices of [the Supreme Court] will vote to grant the petition . . . and that, if they do so vote, there is a fair prospect that a majority of the Court will conclude that the decision below was erroneous." *O'Brien v. O'Laughlin*, 557 U.S. 1301, 1302 (2009).

Sawicki contends her petition "identifies a split of circuit authority as to the pleading standard for a First Amendment claim of retaliation through speech." (Mot. ¶ 7, Dkt. No. 54.) The Third Circuit's standard is supposedly contrary to Supreme Court doctrine and congressional intent, making her claims "an important issue of public concern." (*Id.*) Moreover, the Third Circuit should not have summarily affirmed the decision or awarded attorney's fees because it purportedly relied on factual errors and misapplied the law. *See* (*Id.* ¶¶ 9–10).

None of those arguments make it reasonably likely that four Justices will vote to grant her petition, let alone that a majority would find the decision below erroneous. As the Court has repeatedly explained, her claims failed because they were conclusory and implausible. *See* (Dkt. Nos. 31, 40, 48). Even if defamation is actionable as retaliation in violation of the First Amendment, her nonconclusory assertions don't suggest anyone defamed, threatened or coerced her. *See Sawicki v. Wilson* (*Sawicki II*),

2

No. 25-4884, 2025 WL 3637995, at *6–7 (E.D. Pa. Dec. 15, 2025).  And her petition is a poor vehicle to resolve any purported circuit split because it is specific to her circumstances.  The Supreme Court of Pennsylvania suspended her law license for numerous ethical violations, and she filed two nearly identical civil rights lawsuits related to her disciplinary proceedings.  *See Sawicki II*, 2026 WL 1283770, at *1–2 (E.D. Pa. May 11, 2026); *see also* Sup. Ct. R. 10 (granting a petition "only for compelling reasons").  Her other complaints about the Third Circuit summarily affirming or awarding attorney's fees on appeal are specious because a petition is "rarely granted" based on factual errors or misapplications of the law.  *See* Sup. Ct. R. 10.

2

Sawicki next complains about the decision granting attorney's fees.  She says no court had previously found her claims frivolous and then conclusorily alleges this Court's May 11 Memorandum "relies on obvious errors of fact, as to the content of the pleading itself, and on errors of law, as to conspiracy and as to the reasonableness of argument against the pleading standard."  (Mot. ¶ 12.)

Sawicki has not made a strong showing of likelihood of success on the merits. Every factor favored awarding attorney's fees to Wilson as a prevailing defendant under § 1988.  *See Sawicki II*, 2026 WL 1283770, at *2 (citing *Barnes Found. v. Township of Lower Merion*, 242 F.3d 151, 157–58 (3d Cir. 2001)).  Again, she never established a *prima facie* case, Wilson did not offer to settle, and the Court dismissed the case well before trial.  *Id.*  The case was "not one of first impression" because her claims were "nearly identical" to those in *Sawicki I.  Id.*  Her allegations were not sufficiently based on a real injury because she did not plausibly allege that Wilson retaliated against her

3

or conspired with the other defendants to do so. *Id.*, at *3. The Third Circuit noted that Judge Wilson in the Middle District of Pennsylvania "could have found the lawsuit in [*Sawicki I*] frivolous and awarded attorney's fees." *Id.* (quoting *Sawicki I*, No. 24-2033, 2025 WL 1261780, at *1–2 (3d Cir. May 1, 2025)). And the record supported a finding of frivolity because Sawicki had practiced law for ten years and still tried, five times, to state nearly identical claims against Wilson. *Id.*

She also claims this Court "admitted that it did not understand [her] briefs," (Mot. ¶ 12), but that's wrong and Sawicki knows it. The Court admonished her for demeaning Wilson and noted that her filings "have been largely frivolous and incomprehensible." *Sawicki II*, 2026 WL 1847499, at *5 n.8. That was a reflection on her convoluted arguments, not the Court's understanding of them.

B

Nor has Sawicki shown she will suffer irreparable harm absent a stay. Irreparable harm is "harm that cannot be prevented or fully rectified by a successful appeal." *Revel*, 802 F.3d at 568. Sawicki first cites her age and financial situation, *see* (Mot. ¶ 13), but "a purely economic injury, compensable in money, cannot satisfy the irreparable injury requirement," *Minard Run Oil Co. v. U.S. Forest Serv.*, 670 F.3d 236, 255 (3d Cir. 2011). She additionally says the June 25 Order "appears to deprive [her] of access to due process under state law if she cannot remit the specified amount by the date due," "appears to carry a threat of civil contempt for noncompliance" and "has the effect of infringing First Amendment Petition Clause rights by discouraging [her] from pursing her intended appeal[s]." (Mot. ¶ 13.) Each of those arguments is based on

4

speculation, and she provides no facts to suggest otherwise. *See Revel*, 802 F.3d at 566 (weighing against a stay where the harm is "remote or speculative").

*   *   *

Because Sawicki cannot satisfy the necessary factors, the Court cannot stay its June 25 Order awarding attorney's fees to Wilson.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*

Gerald J. Pappert, J.